UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| HYBRID ATHLETICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HYLETE LLC, <br><br> Defendant. | ) <br> ) <br> ) Case Action No. 3:17-CV-1767 (VAB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT HYLETE'S MOTION TO DISMISS HYBRID ATHLETICS, LLC'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO CHANGE VENUE**

COMES NOW, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Hylete LLC ("Hylete" or "Defendant") will and hereby moves the Court for an order dismissing without leave to amend Plaintiff Hybrid Athletics, LLC's ("Plaintiff") claims against it or, in the alternative, an order transferring the action to the United States District Court for the Southern District of California.

Hylete moves to dismiss Plaintiff's claim for trademark infringement and false designation of origin and unfair competition under federal law, its statutory claim for unfair competition, and its common law claims for trademark infringement and unjust enrichment, because they are all barred by the applicable statutes of limitations and under the doctrine of laches.

Hylete additionally moves to dismiss Plaintiff's claim under Connecticut's unfair competition law because the claim is based on fraudulent conduct, but yet Plaintiff fails to plead such conduct with particularity under Federal Rule of Civil Procedure 9(b). Merely reciting phrases "palming off" or "passing off" does not satisfy Rule 9(b)'s standards. Further, because

ORAL ARGUMENT REQUESTED

the unfair competition claim is based exclusively on copyrightable *subject matter*, it is preempted by the Copyright Act.

In the alternative, and to the extent Plaintiff's claims can withstand dismissal, Hylete moves to transfer the action to the United States District Court, Southern District of California under 28 U.S.C. § 1404(a). The Southern District of California, where Plaintiff alleges Hylete is based, is the forum in which the bulk of the operative facts arose, it has most of the witnesses Hylete anticipates providing, contains the bulk of the evidence that Hylete anticipates providing, among other relevant factors. While Plaintiff's choice of forum is a consideration in this transfer analysis, in light of the numerous factors favoring transfer, transfer is appropriate.

This Motion is supported by the Memorandum of Points and Authorities, and any documents concurrently filed therewith as well as all relevant files and records in this action.

Respectfully Submitted,

Date: December 29, 2017

By: /s/ Thomas J. Mango
Thomas J. Mango, ct28149
Michael J. Rye, ct18354
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, Connecticut 06103
Telephone:  (860) 286-2929
Facsimile:  (860) 286-0115
Email: tmango@cantorcolburn.com
         mrye@cantorcolburn.com

Of Counsel,
*Pro Hac Vice* Admissions Pending

Dave Deonarine, SBN 243733
Pattric J. Rawlins, SBN 205160
Nicholas S. Kawuka, SBN 297579
Procopio, Cory, Hargreaves & Savitch LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel: (858) 720-6300
Fax: (619) 398-0173
Email:   dave.deonarine@procopio.com
           pattric.rawlins@procopio.com
           nicholas.kawuka@procopio.com

*Attorneys for the Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 29, 2017 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                */s/ Thomas J. Mango*
                                                                 Thomas J. Mango