**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HYBRID ATHLETICS, LLC, | ) |
| | ) |
| Plaintiff, | ) Case Action No. 3:17-CV-1767 (VAB) |
| | ) |
| v. | ) |
| | ) |
| HYLETE LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT HYLETE'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS HYBRID ATHLETICS, LLC'S COMPLAINT
OR, IN THE ALTERNATIVE, MOTION TO CHANGE VENUE**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. RELEVANT FACTS ALLEGED IN PLAINTIFF'S COMPLAINT ......................................2

III. ARGUMENT ...................................................................................................4

    A.    All Of Plaintiff's Claims Are Barred By The Statute Of Limitations And / Or Other Defects ...................................................................................................4

        1.    Count I For Federal Trademark Infringement, Count II For False Designation Of Origin And Unfair Competition, And Count IV For Common Law Trademark Infringement Are Barred By The Statute Of Limitations ...................................................................................................4

        2.    Count III For Statutory Unfair Competition Is Barred By The Statute Of Limitations, Is Not Pleaded With Particularity, And Is Preempted By The Copyright Act ...................................................................................................6

        3.    Count V For Unjust Enrichment Is Barred By The Statute Of Limitations ...................................................................................................10

    B.    Claims I Through V Are Also Barred By The Doctrine Of Laches. ....................10

    C.    In The Alternative, This Court Should Transfer Venue To The Southern District Of California ...................................................................................................12

        1.    This Action Could Have Been Brought In The Southern District Of California. ...................................................................................................12

        2.    Transfer Is Appropriate Because Plaintiff's Choice Of Forum Here Is Of Little Weight ...................................................................................................13

        3.    Transfer Is Appropriate Because The Locus Of Operative Facts Is In The Southern District Of California ...................................................................................................13

        4.    The Convenience Of Witnesses Who Will Be Required To Offer Testimony Favors Transfer ...................................................................................................14

        5.    The Location Of Documents And Ease Of Access To Proof Favors Transfer ...................................................................................................14

        6.    The Court's Familiarity With The Governing Law Does Not Affect The Transfer Analysis ...................................................................................................15

7.      The Relative Means Of The Parties Who Are Both Corporations Does Not Affect The Transfer Analysis ..........................................................15

8.      The Availability Of Process To Compel Unwilling Non-Party Witnesses Weighs In Favor Of Transfer ................................................16

IV. CONCLUSION................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*
  860 F. Supp. 128 (S.D.N.Y. 1994)....................................................................17

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*
  960 F.2d 1020 (Fed. Cir. 1992)........................................................................14

*Adam v. Jacobs*
  950 F.2d 89 (2d Cir. 1991) ..............................................................................15

*Argus Research Grp., Inc. v. Argus Media, Inc.*
  562 F. Supp. 2d 260 (D. Conn. 2008) ............................................................6, 9

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ...........................................................................................5

*Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*
  3:08-cv-1958(CFD), 2010 WL 1882316 (D. Conn. May 10, 2010)....................10

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...........................................................................................5

*Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*
  294 F. Supp. 2d 218 (D. Conn. 2003) ..............................................................17

*Citigroup Inc. v. City Holding Co.*
  97 F. Supp. 2d 549,563 (S.D.N.Y. 2000) .........................................................17

*Conopco, Inc. v. Campbell Soup Co.*
  95 F.3d 187 (2d Cir.1996) ............................................................................6, 14

*Crawford v. Cuomo*
  796 F.3d 252 (2d Cir. 2015) ..............................................................................5

*CSL Silicones Inc. v. Midsun Grp. Inc.*
  170 F. Supp. 3d 304 (D. Conn. 2016) .............................................................6, 9

*D.H. Blair & Co. v. Gottdiener*
  462 F.3d 95 (2d Cir. 2006) ..............................................................................16

*Dastar Corp. v. Twentieth Century Fox Film Corp.*
  *539* U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003) ...........................2, 11, 12

*Frontier Grp., Inc. v. Nw. Drafting & Design, Inc.*
  493 F. Supp. 2d 291 (D. Conn. 2007) ...................................................................12

*Ghartey v. St. John's Queens Hosp.*
  869 F.2d 160 (2d Cir. 1989) ................................................................................5

*In re Trilegiant Corp., Inc.*
  11 F. Supp. 3d 82,120 (D. Conn. Mar. 28, 2014) ..............................................10

*Jones v. Bock*
  549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ....................................5

*MAK Marketing, Inc. v. Kalapos*
  620 F. Supp. 2d 295 (D. Conn. 2009) .................................................................17

*Open Solutions Inc. v. Granite Credit Union*
  No. 3:12-CV-1353 RNC, 2013 WL 5435105 (D. Conn. Sept. 29, 2013) ..............16

*Peck v. Pub. Serv. Mut. Ins. Co.*
  114 F. Supp. 2d 51 (D. Conn. 2000) ....................................................................8

*Pitney Bowes, Inc. v. Nat'l Presort, Inc.*
  33 F.Supp.2d 130 (D.Conn.1998) .......................................................................19

*RBC Nice Bearings, Inc. v. Peer Bearing Co.*
  410 F. App'x 362 (2d Cir. 2010) ...................................................... 6, 7, 8, 10, 14

*Rest. Supply, LLC v. Pride Mktg. & Procurement, Inc.*
  No. 3-16-CV-1270 (MPS), 2017 WL 3444677 (D. Conn. Aug. 10, 2017)..............16, 19

*Saratoga Vichy Spring Co., Inc. v. Lehman*
  625 F.2d 1037 (2d Cir. 1980)...............................................................................14

*Slice of Pie Productions v. Wayans Bros. Entertainment*
  392 F. Supp. 2d 297 (D. Conn. 2005) .................................................................12

*Sutton v. Rehtmeyer Design Co.*
  114 F.Supp.2d 46 (D.Conn.2000) .......................................................................18

**STATE CASES**

*Certain Underwriters at Lloyd's, London v. Cooperman*
  957 A.2d 836 (Conn. 2008) ...............................................................................13

*Fichera v. Mine Hill Corp.*
  207 Conn. 204, 541 A.2d 472 (1988).....................................................................9

*Lees v. Middlesex Ins. Co.*
  229 Conn. 842, 643 A.2d 1282 (1994)...................................................................8

**FEDERAL STATUTES, REGULATIONS, AND RULES**

28 U.S.C.
   § 1404 ................................................................................................................1
   § 1404(a) .............................................................................. 15, 16, 18

Copyright Act, 17 U.S.C. § 301 .............................................................. 2, 3, 4, 12

Federal Rules of Civil Procedure
   § 9(b) ............................................................................................. 10, 11
   § 45(c) ......................................................................................................20
   § 12(b)(6) ............................................................................................ 1, 5

**STATE STATUTES, REGULATIONS, AND RULES**

Conn. Gen. Stat. 42-110 ................................................................... 8, 10, 13

Conn. Gen. Stat. § 42-110g(f) ...................................................................9

Conn. Gen.Stat. § 52-577 .........................................................................13

Lanham Act
   §43(a) .....................................................................................................12

**OTHER AUTHORITIES**

1 Nimmer on Copyright § 1.01(B)(1)(e) ...............................................12

Defendant Hylete, Inc.[1] ("Hylete" or "Defendant") respectfully moves the Court for an order dismissing Plaintiff Hybrid Athletic LLC's ("Hybrid" or "Plaintiff") claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Hylete moves to transfer this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404.  Defendant submits the following memorandum in support of its motion to dismiss or, in the alternative, motion to change venue.

## I.

## <u>INTRODUCTION</u>

On its face, the complaint filed by Plaintiff discloses incurable legal defects that support prompt dismissal of all of Plaintiff's claims. Plaintiff's own allegations establish that its claims for trademark infringement and false designation of origin and unfair competition under federal law, its statutory claim for unfair competition, and its common law claims for trademark infringement and unjust enrichment are barred by the applicable statute of limitations.

Plaintiff unequivocally alleges and reiterates throughout its complaint that Hylete's use of the allegedly infringing marks - the purportedly wrongful conduct that serves as a basis for Plaintiff's claims, commenced openly and publicly more than five years ago in April 2012, and Plaintiff was aware of Hylete's alleged use of the allegedly infringing marks at that time. Doc. No. 1, ¶¶61, 60, 59, 49, 62, 63, 73, 96. Because the longest applicable statute of limitations for each of Plaintiff's claims is three years, this allegation alone establishes that each of Plaintiff's claims is time-barred and must be dismissed without leave to amend.

Additionally, laches also bars Plaintiff's claims. Although Plaintiff alleges that it competes directly with Hylete in the marketing and distribution of goods to the "CrossFit community, and to those interested in fitness in general" and that "Hylete's target consumers are

---

[1] Defendant Hylete LLC recently converted to a corporation and is now Hylete, Inc.

the same as Hybrid's," Doc. No. 1, ¶48, Plaintiff did nothing to prevent injury to it from the allegedly infringing activities between April 2012 (when it claims it discovered Hylete's use of its marks) and Plaintiff's filing of the complaint on October 23, 2017.

Further, Plaintiff's unfair competition claim, which is based on a theory of "passing off" or "palming off" fails because it does not allege such "fraudulent conduct" with specificity, as that term has been interpreted by the United States Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corp., 539* U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003). To the extent the Complaint alleges "reverse passing off", the claim still cannot stand because it is preempted by the Copyright Act, 17 U.S.C. § 301, which exclusively governs "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright… and come within the subject matter of copyright." 17 U.S.C. § 301.

Finally, in the event the Court is inclined to entertain any of Plaintiff's claims, despite the stringent statutory bar, the Court should transfer this matter to the United States District Court for the Southern District of California, which is the appropriate forum for the action, because the operative facts arise from there. In addition to this and other factors, the Southern District of California is the appropriate forum because substantially all of Hylete's evidence and witnesses are located in that district.

## II.

## RELEVANT FACTS ALLEGED IN PLAINTIFF'S COMPLAINT

Plaintiff's Complaint, which the Court must accept as true for purposes of testing its sufficiency, alleges the following relevant facts.

Plaintiff Hybrid Athletics is a company owned by Robert Orlando. Doc. No. 1, at ¶13. Hybrid Athletics offers and conducts various fitness and health services. Doc. No. 1, at ¶10.

Hybrid Athletics also sells fitness apparel and fitness training equipment. *Id*. at ¶10. The company's fitness apparel bears the Hybrid Athletics' marks. *Id*. at ¶29. Since 2008, Hybrid Athletics has sold, promoted and continues to sell and promote its apparel bearing its marks. *Id*. at ¶31.

Defendant Hylete is a manufacturer, distributor and seller of athletic clothing apparel. Doc No. 1, at ¶47. Hylete targets the same consumers as Hybrid's because Hylete markets and distributes its goods to the CrossFit community and to those interested in fitness in general. *Id*. at ¶48. Hylete competes with Hybrid Athletics. *See id*. Hylete sells the infringing products at physical locations and through its website www.hylete.com. *Id*. at ¶50. Hylete has two pending federal trademark applications: Application Serial No. 85,837,045; and 87,339,360. *Id*. at ¶51. Hylete is also the owner of a federal trademark registration – Registration No. 4,318,646. *Id*. at ¶52. Hylete's mark as represented in Application Serial No. 85,837045 and Hylete's registered mark as represented in Registration No. 4,318.6464 are referred to as the "Hylete marks." *Id.*, at 52.

The complaint alleges that Hylete has extensively used the Hylete marks, and other marks since at least April 2012 and, in April 2012, Plaintiff alleges it discovered Hylete's plans to promote, advertise, distribute, offer for sale, and sell clothing and apparel bearing the Hylete marks. Doc. No. 1, at ¶¶60-61. Plaintiff further alleges that it "immediately" contacted Hylete and objected to Hylete's use of the marks because those marks were confusingly similar to the Hybrid Athletics' marks. *Id*. at ¶62. In spite of the objections, Hylete continued to use the Hylete marks. *Id*. at ¶63. To date, Hylete continues to use the Hylete marks. *Id*. at ¶70. Since Hylete's formation in 2012, there have been "multiple instances of actual confusion" between Hylete's marks and Hybrid Athletics'' marks. *Id*. at ¶73. Because of Hylete's use of the Hylete marks,

Hybrid Athletics has been and continues to be harmed. *Id*. at ¶75-79.  Hylete disputes these allegations but recites them here to demonstrate the invalidity of Plaintiff's claims.

## III.

## ARGUMENT

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that the plaintiff is not entitled to the relief sought. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6) to require allegations that show the pleader is entitled to relief). If, for example, the allegations show that the statute of limitations has run, the complaint may be dismissed under Rule 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). In adjudicating a Rule 12(b)(6) motion, a district court must accept all facts alleged in the complaint. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). However, the court need not accept conclusory statements or threadbare recitals of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A.    **All Of Plaintiff's Claims Are Barred By The Statute Of Limitations And / Or Other Defects**

1.    Count I For Federal Trademark Infringement, Count II For False Designation Of Origin And Unfair Competition, And Count IV For Common Law Trademark Infringement Are Barred By The Statute Of Limitations

Count I and Count II of Plaintiff's Complaint arise under the Lanham Act.

The Second Circuit and other federal courts of appeal recognize that the Lanham Act does not have a statute of limitations, but rather borrows the statute of limitations for the most closely analogous state law. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d

Cir.1996) In Connecticut, the most closely analogous law is Connecticut's three year statute of limitations for fraud. *Argus Research Grp., Inc. v. Argus Media, Inc*., 562 F. Supp. 2d 260, 273 (D. Conn. 2008). Like the Lanham Act, the statute of limitations for Common Law trademark infringement claims whether based on state or federal Common Law, is three years. *See CSL Silicones Inc. v. Midsun Grp. Inc.,* 170 F. Supp. 3d 304, 316 (D. Conn. 2016), reconsideration denied, No. 3:14-CV-01897 (CSH), 2016 WL 3566188 (D. Conn. June 27, 2016) (noting that Connecticut courts apply the three-year statute of limitations for fraud in trademark infringement disputes).

In Connecticut, a trademark infringement claim accrues when a plaintiff first knows or has reason to know of the injury from which the claim arises. *RBC Nice Bearings, Inc. v. Peer Bearing Co*., 410 F. App'x 362, 366–67 (2d Cir. 2010). A plaintiff may not successfully claim that each additional instance of infringement, after the first known infringement renews the limitations period. *See id*.

By its own allegations here, Plaintiff's Lanham Act and Common Law trademark infringement claims accrued at least as early as April 2012, which is well outside the applicable three-year limitations period. Plaintiff unequivocally alleges that over five years ago – in April 2012, it was on notice of Hylete's alleged, extensive use of the mark, and it immediately contacted Hylete objecting to the use of the mark because it was "confusingly similar to the Hybrid Marks." Doc. No. 1, at ¶¶59-62. Plaintiff alleges that Hylete's use of the mark has been extensive. *Id*., at ¶¶59, 60, 110. In addition, Plaintiff alleges that there have been multiple instances of actual confusion between Hylete's mark and Hybrid Athletics' mark since Hylete's formation on March 26, 2012. *Id*., at ¶73. Plaintiff additionally represents that like Hylete, it sells athletic apparel. *Id*. at ¶29, 47. Plaintiff alleges that it competes with Hylete and that its products

are in proximity with Hylete's products in the market place. *Id.* at ¶48 ("… Hylete's target consumers are the same as Hybrid's."); *id.*, at ¶73-79 (describing Hylete's use of the marks in the marketplace which has led to confusion sand has harmed Plaintiff).

The unequivocal allegations that: (1) Plaintiff was aware of Hylete's alleged extensive and open use of the Hylete marks at least as early as April 2012; (2) Plaintiff has been aware of ongoing instances of allegedly actual confusion since around March 26, 2012; (3) Plaintiff sells similar products and allegedly competes in the same market as Hylete; and (4) there is a purported proximity of products from Hylete and Hybrid Athletics in the market, which is likely to cause confusion, all point to one inevitable finding that, accepting Plaintiff's allegations as true, Plaintiff had actual and constructive knowledge of the facts that purportedly gave rise to its claims by March 26, 2012 but no later than April 30, 2012. Based on this, Plaintiff should have instituted any action on or before April 30, 2015. Because Plaintiff did not bring its Lanham Act and Common Law trademark infringement claims until October 23, 2017, the claims are barred by the three-year statute of limitations.

2.  <u>Count III For Statutory Unfair Competition Is Barred By The Statute Of Limitations, Is Not Pleaded With Particularity, And Is Preempted By The Copyright Act</u>

<u>First</u>, Plaintiff's claim for unfair competition under Conn. Gen. Stat. 42-110 ("CUTPA") should be dismissed because it relies *exclusively* on the Lanham Act claims, which must fall because of the limitations defenses and laches. *Peck v. Pub. Serv. Mut. Ins. Co.*, 114 F. Supp. 2d 51, 57 (D. Conn. 2000) (citing *Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 851, 643 A.2d 1282, 1286 (1994) for the proposition that CUTPA claims cannot survive if the underlying claim fails.) *See e.g., RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 410 F. App'x 362, 366–67 (2d Cir. 2010)

(affirming dismissal of the plaintiff's state law claims which relied on the limitations-barred trademark infringement claims)

Even assuming Plaintiff's trademark infringement claims could survive the limitations and laches defenses, the CUTPA claim cannot survive under prevailing law in this district. CUTPA has a statute of limitations of three years. Conn. Gen. Stat. § 42-110g(f); *Fichera v. Mine Hill Corp.,* 207 Conn. 204, 216–17, 541 A.2d 472, 477–78 (1988). Further, CUTPA is an "occurrence" statute meaning that the claim is ripe for adjudication at the time of the first occurrence of an actionable wrong, not at the time the Plaintiff discovers such wrong. *Argus Research Group v. Argus Media*, 562 F. Supp. 2d 260, 280 (D. Conn. 2008). Additionally, CUTPA claims do not accrue at each instance of a defendant's continuing conduct in trademark cases. *CSL Silicones*, 170 F. Supp. 3d at 314 ("CUTPA claims sounding in trademark do not accrue as to each use of a plaintiff's mark, especially where the plaintiff had previous knowledge of the earlier infringement.").

Plaintiff's CUTPA claim sounds in trademark. *See* Doc. No.1, ¶¶99-100 (referring to the Lanham Act claims as the basis of the CUTPA claims); *id.*, at ¶¶101 (alleging "palming off"); *id.* at ¶ 102 (alleging that Hylete's acts of "palming off" its goods permit and accomplish, confusion, mislead, and deceive the public as to the course of Hylete's goods.). As noted above, Plaintiff alleges that by April 2012, it was on notice of Hylete's alleged use of the Hylete marks. Plaintiff alleges that it immediately notified Hylete of its dissatisfaction with Hylete's use of the Hylete marks. Doc. No. 1, at ¶¶61-62. Plaintiff however did not bring suit until more than five years later on October 23, 2017. While Plaintiff might argue that each instance of Hylete's conduct occurring in the three years preceding suit was a separate actionable violation, this "separate accrual" rule, does not apply to either trademark infringement claims or CUTPA claims based on

trademark infringement. *RBC Nice Bearings, Inc.*, 676 F. Supp. 2d at 35.  Because the separate-accrual theory does not apply to Plaintiff's Lanham Act claims and the CUTPA claim based on the same, the claim must be dismissed.

Second, Plaintiff's claim for unfair competition under Conn. Gen. Stat. 42-110 should be dismissed because it is not pleaded with particularity. When a plaintiff bases a CUTPA claim on fraud or fraudulent conduct, a plaintiff must satisfy the particularity requirements of Fed. R. Civ. P. 9(b). *In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82,120 (D. Conn. Mar. 28, 2014); *See also Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*, 3:08-cv-1958(CFD), 2010 WL 1882316, at *9 (D. Conn. May 10, 2010) ("When a plaintiff in federal court bases a CUTPA claim on fraud allegations, the plaintiff must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b).").

While Plaintiff incorporates by reference each of its preceding allegations under this cause of action, the entirety of Plaintiff's CUTPA claim is the same "fraudulent misrepresentation" pleaded in ambiguous terms littered throughout the Complaint. *See e.g.*, Doc. No. 1, at ¶¶101-102 (alleging "palming off" by Hylete); *id.,* at ¶¶47-62 (describing Hylete's trademark infringement activities); *id.*, at ¶¶72-78 (describing how Hylete's activities have led to confusion in the marketplace). In sum, the Complaint is littered with allegations of Hylete's purported conduct, but does not include any particular fraudulent misrepresentation facts as required under Federal Rule of Civil Procedure 9(b). As the Supreme Court instructs, labels alone are insufficient.

Passing off or palming off, in its classic sense occurs where "A" purports to sell A's products as another person or entity "B"'s products. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27, 123 S. Ct. 2041, 2044–45, 156 L. Ed. 2d 18 (2003). Plaintiff does not

allege this. While it ascribes the label of "palming off" to this claim, the Complaint does not contain a single concrete non-conclusory allegation that even suggests that Hylete made any actual misrepresentation about the source of its goods.  At most here, Plaintiff only alleges that Hylete sold Hylete's own products under Hylete's own brand in the hope of trading off of any similarity between its marks and Hybrid Athletics' marks. This is not passing off. Because Plaintiff's claim is based on this, Plaintiff has not alleged its CUTPA claim with particularity.

Third, Plaintiff's CUTPA claim should be dismissed even if it is based on "reverse passing off" under section 43(a) of the Lanham Act because such claims are preempted by the Copyright Act. *See Frontier Grp., Inc. v. Nw. Drafting & Design, Inc*., 493 F. Supp. 2d 291, 299 (D. Conn. 2007) (noting that the Copyright Act, 17 U.S. Code § 301 preempts unfair competition and misappropriation claims grounded in a plaintiff's original works or expressions); A *Slice of Pie Productions v. Wayans Bros. Entertainment*, 392 F. Supp. 2d 297, 313 (D. Conn. 2005) (same); *Dastar, 539 U.S. at* 37 (noting that "the phrase "origin of goods" under section 43(a) in the Lanham Act "refers to the producer of the *tangible* goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.") (emphasis added).; *see also,* 1 Nimmer on Copyright § 1.01(B)(1)(e) ("[If] B is selling B's products and representing to the public that they are A's, that is passing off.  If by contrast, B is selling B's products and representing to the public that they are B's, that is not passing off. A claim that the latter activity is actionable [as a deceptive trade practice cause of action] because B's product replicates A's, even if denominated 'passing off,' is in fact a disguised copyright infringement claim, and hence preempted.").

Here, as noted above, Plaintiff's CUTPA claim merely ascribes the label of palming off or passing off, but does not allege the facts that indicate such. Plaintiff only alleges that Hylete's

marks, which are allegedly confusingly similar to Plaintiff's, has led to confusion in the market place and are likely to cause further confusion as to the source of the goods sold. But, Plaintiff does not allege that Hylete sold Hylete's products and claimed that they originate from Plaintiff. Plaintiff's CUTPA claim is a disguised copyright claim and is preempted by the Copyright Act because, at its essence, it simply asserts that Plaintiff copied and/or modified Hylete's mark and placed the generated similar mark on its products, and thereby led to confusion. The claim comes "within the subject matter" of the Copyright Act and is therefore preempted.

3.    Count V For Unjust Enrichment Is Barred By The Statute Of Limitations

Plaintiff's unjust enrichment claim must fail because of the inescapable defects illuminated by the limitations defense. The statute of limitations for unjust enrichment is three years for any actions sounding in tort. Conn. Gen.Stat. § 52-577. *See Certain Underwriters at Lloyd's, London v. Cooperman*, 957 A.2d 836, 850 (Conn. 2008) (unjust enrichment claims based on the same allegations as other tort claims are subject to the same three-year statute of limitations).

In its unjust enrichment claim, Plaintiff incorporates by reference all its prior allegations. Doc. No. 1, ¶108. Plaintiff thereafter simply reiterates the same substance of its earlier allegations. As noted above, in addressing Plaintiff's unfair competition claims under Conn. Gen. Stat. 42-110, Plaintiff's common law unjust enrichment claims which flow from the same conduct alleged for the trademark infringement and related claims must fail because they are statutorily barred.

**B.    Claims I Through V Are Also Barred By The Doctrine Of Laches.**

Laches operates to bar suit by a plaintiff who does not promptly seek legal redress for alleged wrongs. To prove laches in the trademark infringement context, a defendant must prove

that the plaintiff had knowledge of defendant's use of its marks, the plaintiff delayed in bringing an action for infringement, and that permitting the plaintiff to assert its rights so late in time would cause unfair prejudice. *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir. 1980). When the applicable statute of limitations has passed, the presumption of laches applies and a plaintiff seeking legal redress must rebut that presumption. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996). While not a complete bar to recovery for a properly instituted claim in all instances, a successful laches defense bars recovery of damages accrued prior to filing suit. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992). In this case, Connecticut's three-year statute for fraud actions applies. *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 410 Fed. Appx. 362, 367 (2d Cir. 2010).

Plaintiff's own allegations show that it had knowledge of Hylete's alleged use of the purportedly infringing marks, as early as April 2012. Plaintiff did not institute suit within the next three years. The presumption of laches applies. Rather than institute suit at an earlier time before the expiration of the limitations period in 2015, Plaintiff waited five years, watching as Hylete devoted more and more resources to developing its branded products, and earning consumer goodwill. Plaintiff cannot reasonably offer any evidence rebutting the presumption of its unreasonable delay of more than five years before filing suit.

Plaintiff also cannot rebut the presumption of prejudice to Hylete resulting from Plaintiff's unreasonable delay. Indeed, had Plaintiff timely instituted suit at an earlier time, Hylete would have had an opportunity to make any necessary changes to its formation, marketing, and naming strategies.

**C.** **In The Alternative, This Court Should Transfer Venue To The Southern District Of California**

The propriety of a forum is a threshold matter that federal courts must consider before addressing the merits of an action. *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991). 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

The district court has broad discretion to transfer an action, and may consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006).  Court also consider: (8) the forum's familiarity with the governing law; and (9) whether trial efficiency and the interests of justice would be best served in light of the totality of the circumstances. Because none of these factors is dispositive, the court has broad discretion on whether to permits transfer.

1.    This Action Could Have Been Brought In The Southern District Of California.

In the absence of a forum selection clause, such as here, a district court must address the threshold issue of whether a case could have been brought in the transferee forum. *Rest. Supply, LLC v. Pride Mktg. & Procurement, Inc.*, No. 3-16-CV-1270 (MPS), 2017 WL 3444677, at *3 (D. Conn. Aug. 10, 2017). Hylete satisfies this 28 U.S.C. § 1404(a) threshold inquiry. It is undisputed that this predominantly federal trademark infringement case could have been brought

in the Southern District of California where Plaintiff acknowledges Hylete is incorporated. As addressed below, the other factors favor transferring this action to the Southern District of California.

2.      Transfer Is Appropriate Because Plaintiff's Choice Of Forum Here Is Of Little Weight

While given great weight ordinarily, "[a] plaintiff's choice of forum receives less deference … when the locus of operative facts is elsewhere." *Open Solutions Inc. v. Granite Credit Union*, No. 3:12-CV-1353 RNC, 2013 WL 5435105, at \*4 (D. Conn. Sept. 29, 2013). Plaintiff here chose to bring suit in the District Court of Connecticut. As addressed below however, because the locus of operative facts is in the Southern District of California, this factor is of little weight in the inquiry.

3.      Transfer Is Appropriate Because The Locus Of Operative Facts Is In The Southern District Of California

The locus of operative facts is a very important factor in a transfer analysis. *Charter Oak Fire Ins. Co. v. Broan-Nutone, LLC*, 294 F. Supp. 2d 218, 220 (D. Conn. 2003). To determine the locus, the court must look to the site of the events from which the claim arises. *Id.* In trademark infringement cases, the locus of operative facts is where the misrepresentations or omissions occurred, not where they were received. *MAK Marketing, Inc. v. Kalapos*, 620 F. Supp. 2d 295 (D. Conn. 2009). *See e.g., 800-Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (passing off occurred where misrepresentations were made, not where confused customers called from); *Citigroup Inc. v. City Holding Co*., 97 F. Supp. 2d 549,563 (S.D.N.Y. 2000) (no single locus of operative facts where allegations suggested confusion occurred in more than one state). Here, the alleged locus for the trademark

infringement, passing off, and related claims is the Southern District of California, where Hylete is incorporated and where Plaintiff alleges Hylete has an address. Plaintiff does not specifically allege a single operative fact that occurred in Connecticut. This factor thus weighs in favor of transfer.

4.    The Convenience Of Witnesses Who Will Be Required To Offer Testimony Favors Transfer

The convenience of the witnesses is "[t]he single most important factor" in a § 1404(a) motion to transfer. *See Sutton v. Rehtmeyer Design Co.*, 114 F.Supp.2d 46, 50 (D.Conn.2000). The witnesses who will most be relevant in this case are all likely in California where Hylete is incorporated and conducts the bulk of its business.  Plaintiff's own complaint gives an indication of the witnesses, who are associated with Hylete who will likely offer testimony in this action. Those witnesses include Hylete's founders who Plaintiff identifies in the Complaint, the principals or former principals of JACO who Plaintiff identifies in the Complaint,  JACO's employees or former employees who Plaintiff refers to in the Complaint, the principals or employees of Hylete and employees of Hylete. In sum, based on Plaintiff's Complaint, the bulk of the testimony about the alleged infringement will come from Hylete, which is located in the Southern District of California. Additionally, it is unlikely that Plaintiff would have many witnesses from Hybrid Athletics other than Robert Orlando, who "is responsible for all aspects of the business, including advertising, sales and finances." Doc. No. 1, at ¶13. Accordingly, this factor weighs in favor of transfer.

5.    The Location Of Documents And Ease Of Access To Proof Favors Transfer

Similarly, because Hylete conducts its business in California, the bulk of the documents

and evidence is reasonably expected to be in the Southern District of California. S*ee e.g., Rest. Supply, LLC v. Pride Mktg. & Procurement, Inc*., No. 3-16-CV-1270 (MPS), 2017 WL 3444677, at *5 (D. Conn. Aug. 10, 2017) (business records presumably in defendant's forum state). Additionally, in infringement cases especially such as here, it makes sense that the bulk of evidence comes from the accused infringer. Like in many trademark infringement cases, Plaintiff will likely seek documents pertaining to Hylete's marketing, sales, solicitations, shipments, and other matters. All these documents are at Hylete's offices. This factor weighs in favor of transfer.

6.   The Court's Familiarity With The Governing Law Does Not Affect The Transfer Analysis

"Federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State." *Pitney Bowes, Inc. v. Nat'l Presort, Inc.*, 33 F.Supp.2d 130, 132 (D.Conn.1998). This case's central premise is the federal trademark infringement claim by Hybrid Athletics. Like other federal courts, the Southern District of California is as equipped as this Court to adjudicate this matter. This factor is neutral.

7.   The Relative Means Of The Parties Who Are Both Corporations Does Not Affect The Transfer Analysis

Where litigating in a foreign state may adversely affect one party, the court may transfer or retain the matter based on the financial means of the parties. Here, both Plaintiff and Defendant are corporations. According to its allegations, Plaintiff has two physical gym locations, and has a national presence. Plaintiff is not of limited means and can afford litigating in California. This factor is neutral.

15

8.    The Availability Of Process To Compel Unwilling Non-Party Witnesses Weighs In Favor Of Transfer

Plaintiff's Complaint identifies and in some instances names parties who Plaintiff alleges were employees of JACO, individuals who managed Hybrid Athletics' account when it worked with JACO, individuals who solicited Plaintiff in the hope of securing a co-branding deal, among other factors. Doc. No. 1, at ¶¶40-42, 45. Plaintiff however does not identify all these as defendants or party witnesses of Hylete. To the extent the Court will need to compel any of these witnesses to testify, the Southern District of California, where they purportedly engaged in the conduct that affected Plaintiff in its business would be the proper forum to address Plaintiff's claims because the Court can compel their attendance or participation in the litigation pursuant to Fed.R.Civ.P. 45(c). This factor weighs in favor or transfer. To the extent no third party witnesses will be involved in this action, or to the extent those witnesses reside in a state other than Connecticut or California, this factor is, at a minimum, neutral.

In light of all the factors, the totality of the circumstances indicates that the United States District Court for the Southern District of California would be an appropriate venue to resolve this matter.

## IV.

## CONCLUSION

With its unequivocal allegations in the Complaint, which are buttressed by the evidence attached to the Complaint, Plaintiff cannot offer a plausible basis to avoid the statute of limitations from applying to its trademark infringement and false designation of origin and unfair competition claims. Because those claims form a predicate of Plaintiff's other claims, and for the other reasons addressed, this Court should conclude that dismissal of all causes of action is proper and warranted. In the event that the statute of limitations is not a complete bar to

Plaintiff's claims, in light of Plaintiff's unreasonable delay in instituting suit, Hylete asks that the Court make a finding limiting the damages that Plaintiff claims to only those damages accrued or accruing after Plaintiff filed suit in this matter. Further, because the locus of operative facts and other factors weigh in favor of an equitable transfer of this action, if this Court is inclined to maintain Plaintiff's late-filed claims, or in the event the Court is not inclined to address the sustainability of those claims at this time, the Court should exercise its discretion and transfer the action to the Southern District of California.

Respectfully Submitted,


Date: December 29, 2017      By: /s/ Thomas J. Mango
                                         Thomas J. Mango, ct28149
                                         Michael J. Rye, ct18354
                                         Cantor Colburn LLP
                                         20 Church Street, 22nd Floor
                                         Hartford, Connecticut 06103
                                         Telephone:  (860) 286-2929
                                         Facsimile:  (860) 286-0115
                                         Email: tmango@cantorcolburn.com
                                                      mrye@cantorcolburn.com

Of Counsel,
*Pro Hac Vice* Admissions Pending

Dave Deonarine, SBN 243733
Pattric J. Rawlins, SBN 205160
Nicholas S. Kawuka, SBN 297579
Procopio, Cory, Hargreaves & Savitch LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel: (858) 720-6300
Fax: (619) 398-0173
Email:   dave.deonarine@procopio.com
              pattric.rawlins@procopio.com
              nicholas.kawuka@procopio.com

*Attorneys for the Defendant*

18

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017 a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_/s/ Thomas J. Mango_
Thomas J. Mango