# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYBRID ATHLETICS, LLC, | ) Case Action No. 3:17-CV-1767 |
| Plaintiff, | ) |
| v. | ) DEFENDANT HYLETE'S REPLY |
|   | ) MEMORANDUM OF POINTS |
| HYLETE LLC, | ) AND AUTHORITIES IN |
|   | ) SUPPORT OF ITS MOTION TO |
| Defendant. | ) DISMISS HYBRID ATHLETICS, |
|   | ) LLC'S COMPLAINT OR, IN THE |
|   | ) ALTERNATIVE, MOTION TO |
|   | ) CHANGE VENUE |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A.    Plaintiff's Trademark Claims Must Be Dismissed Because They Are Barred By The Three Year Statute of Limitations; And Equitable Tolling Does Not Apply .......................................................3

        1.    The Statute of Limitations Is A Separate And Distinct Defense from Laches And Completely Bars Plaintiff's Claims. ......................................................................................3

        2.    The Sparingly-applied Equitable Tolling Doctrine Does Not Apply to Plaintiff's Claims For Trademark Infringement And Is Not Pleaded In The Complaint.........................................5

    B.    Plaintiff's CUTPA Claim And The Unjust Enrichment Claim Must Be Dismissed Because They Are Barred By The Three Year Statute of Limitations And Other Defects..............................................8

    C.    All of Plaintiff's Claims Are Also Barred Under The Doctrine Of Laches Because Plaintiff Waited Almost Three Years *After* the Relevant Limitations Period To File Suit..............................................9

    D.    Transfer to The Southern District Is Appropriate Especially Because It Is The Locus Of Operative Facts........................................10

III. CONCLUSION ..................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adler by Adler v. Educ. Dep't of State of N.Y.*
　760 F.2d 454 (2d Cir. 1985) ................................................................................3

*Aoki v. Gilbert*
　No. 2:11-CV-02797-TLN-CK, 2014 WL 3689345 (E.D. Cal. July
　23, 2014) ...............................................................................................................4

*Argus Research Grp., Inc. v. Argus Media, Inc.*
　562 F. Supp. 2d 260 (D. Conn. 2008)................................................................4, 5

*B & B Hardware, Inc. v. Hargis Indus., Inc.*
　135 S. Ct. 1293, 191 L. Ed. 2d 222 (2015).........................................................7

*Baby Trend, Inc. v. Playtex Prod., LLC*
　No. 5:13-CV-647-ODW RZX, 2013 WL 4039451 (C.D. Cal. Aug.
　7, 2013) ...............................................................................................................4

*Baldwin County Welcome Ctr. v. Brown*
　466 U.S. 147 (1984) (per curiam)........................................................................7

*Carter v. Brennan*
　No. 3:14CV10 JBA, 2015 WL 2089689 (D. Conn. May 4, 2015),
　aff'd, 667 F. App'x 349 (2d Cir. 2016) ...............................................................7

*Ceres Partners v. GEL Associates*
　918 F.2d 349 (2d Cir. 1990) ................................................................................3

*Credit Suisse Sec. (USA) LLC v. Simmonds*
　566 U.S. 221 (2012)..............................................................................................5

*CSL Silicones Inc. v. Midsun Grp. Inc.*
　170 F. Supp. 3d 304 (D. Conn. 2016), reconsideration denied, No.
　3:14-CV-01897 (CSH), 2016 WL 3566188 (D. Conn. June 27,
　2016) .................................................................................................................4, 5

*DelCostello v. International Bhd. of Teamsters*
　462 U.S. 151 (1983)......................................................................................3, 4, 5

*Dolmetta v. Uintah Nat. Corp.*
  712 F.2d 15 (2d Cir. 1983) .................................................................................................. 9

*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*
  809 F.3d 737 (2d Cir.), cert. denied, 137 S. Ct. 160, 196 L. Ed. 2d
  121 (2016) ............................................................................................................................ 5

*Gaudreau v. Am. Promotional Events, Inc.*
  511 F. Supp. 2d 152 (D.D.C. 2007) .................................................................................... 4

*Goldman v. Belden*
  754 F.2d 1059 (2d Cir.1985) ............................................................................................... 1

*Harley-Davidson, Inc. v. Grottanelli*
  164 F.3d 806 (2d Cir. 1999) ................................................................................................ 9

*Irwin v. Dep't of Veterans Affairs*
  498 U.S. 89, 111 S. Ct. 453 (1990) ..................................................................................... 6

*Kregos v. Associated Press*
  3 F.3d 656 (2d Cir. 1993) .................................................................................................... 6

*Kusek v. Family Circle, Inc.*
  894 F. Supp. 522 (D. Mass. 1995) ..................................................................................... 4

*Lonchar v. Thomas*
  517 U.S. 314 (1996) ............................................................................................................. 6

*Long v. Abbott Mortgage Corp.*
  459 F.Supp. 108 (D.Conn. 1978) ....................................................................................... 8

*Long v. Card*
  882 F. Supp. 1285 (E.D.N.Y. 1995) ................................................................................... 8

*Petrella v. Metro-Goldwyn-Mayer, Inc.*
  134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014) ........................................................................ 3

*Polar Bear Prods., Inc. v. Timex Corp.*
  384 F.3d 700 (9th Cir. 2004) .............................................................................................. 4

*Polaroid Corp. v. Polarad Elecs. Corp.*
  287 F.2d 492 (2d Cir. 1961) .............................................................................................. 10

*ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*
  314 F.3d 62 (2d Cir. 2002) ...................................................................................1, 10

*RBC Nice Bearings, Inc. v. Peer Bearing Co.*
  410 F. App'x 362 (2d Cir. 2010) ..................................................................................4

*RBC Nice Bearings, Inc. v. Peer Bearing Co.*
  676 F. Supp. 2d 9 (D. Conn. 2009), aff'd, 410 F. App'x 362 (2d Cir. 2010) ................................................................................................................5

*Reed v. United Transp. Union*
  488 U.S. 319 (U.S. 1989) ........................................................................................3, 5

*Smith v. Local 819 I.B.T. Pension Plan*
  291 F.3d 236 (2d Cir.2002) .........................................................................................9

*Topp-Cola Co. v. Coca-Cola Co.*
  314 F.2d 124 (2d Cir. 1963) ........................................................................................6

*Zerilli–Edelglass v. N.Y. City Transit Auth.*
  333 F.3d 74 (2d Cir. 2003) ..........................................................................................8

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Fed.R.Civ.P. 12(d) ...............................................................................................................1

Federal Rules of Civil Procedure
  Rule 8(c)......................................................................................................................3
  Rule 12(d) ...................................................................................................................1

Trademark Manual of Procedure § 102.01 (2014) ..................................................................7

DOCS 3191781.8

## I. **INTRODUCTION**

Faced with the fact that Plaintiff's own Complaint alleges that Plaintiff was aware of Hylete's alleged infringement since 2012, and that Plaintiff was even aware of numerous instances of alleged actual confusion since 2013, Plaintiff side-steps the Complaint and instead responds to Hylete's motion to dismiss by referencing almost 400 pages of extraneous material. This is improper. It is well-established that in deciding a motion to dismiss for failure to state a claim, a court is limited to facts in the complaint and the exhibits attached thereto.[1] *See e.g. Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir. 1985) ("[A] Rule 12(b)(6) motion is addressed to the face of the pleading.").

Based on the Complaint (and the exhibits attached thereto), the statute of limitations and laches analyses should be measured from April 2012 (or at a minimum mid-2013), not 2015 as Plaintiff erroneously asserts. Plaintiff is incorrect in its assertion that the limitations period starts running only when there are a significant number of sales. Time starts running when a plaintiff has a *provable* infringement claim, i.e. when there was a likelihood of confusion in the relevant market. *ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 70 (2d Cir. 2002). Here, Plaintiff alleges "Hylete's target consumers are the same as Hybrid's" and that Plaintiff was aware, not just of a likelihood of confusion, but of numerous instances of *actual* confusion since at least 2013 – over four years before it filed suit.

Specifically, Plaintiff alleges that: (1) Hylete used the allegedly infringing marks "extensively since at least April 2012" Doc. No. 1 at ¶60; (2) "In April 2012, Hybrid discovered Hylete's plans to promote, advertise, distribute, offer for sale, and sell clothing and apparel"

---

[1] To the extent the Court is inclined to consider the voluminous, extraneous materials submitted by Plaintiff, Rule 12(d) requires that the Court treat the motion as one for summary judgment under Rule 56, and Hylete must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed.R.Civ.P. 12(d); *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir.1985).

1

bearing the accused marks. Doc. No. 1 at ¶61; (3) "Upon such discovery, Hybrid immediately contacted Hylete objecting to the use of the marks" Doc. No. 1 at ¶62. In addition, in Exhibit 4 to the Complaint, Plaintiff alleges that: (4) in May 2013, it received 100 emails evidencing actual confusion and claimed that there were "literally thousands" of instances of actual confusion. Doc. No. 1-4 at 9.  Further, in its opposition, Plaintiff argues that: (5) "Hybrid began becoming aware of actual confusion in mid-2013."  Doc. No. 28, p. 10; and (6) In March 2013, "Hybrid was made aware of first sales by Hylete and the first voiced consumer confusion" Id., p.16.

Accordingly, the statute of limitations and laches analyses should be measured from April 2012 (or at a minimum mid-2013), not 2015.

The trademark opposition filed by Plaintiff does not toll the statute of limitations.  First, Plaintiff cites no authority supporting its position that filing a trademark opposition tolls the statute of limitations for its state law claims.   Second, with respect to Plaintiff's Lanham Act claims, the opposition proceeding only involved the Hylete Logo ("⊕"), not any of the other allegedly infringing marks and, as detailed below, Plaintiff falls far short of its burden to show that equitable tolling applies.

Laches also bars Plaintiff's claims.  Plaintiff argues that laches is not available because it asserts that Hylete was guilty of unclean hands. But, apart from the Complaint's bare legal conclusion of willful infringement, which is insufficient, nothing in the Complaint demonstrates an intention to confuse or a lack of good faith.  On the contrary, the Complaint shows that there was no intent to confuse and actually shows a good faith belief of non-infringement.  *See e.g.*, Doc. No. 1-4, pp. 3, 4, 9.

## II. ARGUMENT

Plaintiff does not dispute that the longest applicable statute of limitations for each of

Plaintiff's claims is three years. *See generally* Doc. No, 28. Because Plaintiff does not dispute the limitations periods and does not provide any substantive reason for equitable tolling of the statutes of limitations, this Court should dismiss the claims as time-barred. Further, because Plaintiff also waited almost three years *after* the end of the applicable limitations period to bring suit, laches also bars each of Plaintiff's claims.

> **A.** **Plaintiff's Trademark Claims Must Be Dismissed Because They Are Barred By The Three Year Statute of Limitations; And Equitable Tolling Does Not Apply**
>
> > 1. The Statute of Limitations Is A Separate And Distinct Defense from Laches And Completely Bars Plaintiff's Claims.

Plaintiff confuses the bases of Hylete's motion to dismiss. Hylete seeks dismissal of Plaintiff's claims *primarily* because the statute of limitations on all such claims has run. Laches, which is also an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, is separate and distinct from the statute of limitations defense. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1974, 188 L. Ed. 2d 979 (2014). Plaintiff's claims are, before all else, barred under the statute of limitations.

The Supreme Court has made clear that where Congress did not prescribe a statute of limitations for a federally created right, courts must apply the most analogous state statute of limitations. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171-72 (1983); *Adler by Adler v. Educ. Dep't of State of N.Y.*, 760 F.2d 454, 455 (2d Cir. 1985). Courts may only decline to apply the most analogous statute when there is a closer analogy in federal law and when federal policies and practicalities of litigation make such federal law more appropriate. *Reed v. United Transp. Union*, 488 U.S. 319, 324, (U.S. 1989). Courts should not "eschew use of state limitations periods anytime state law fails to provide a perfect analogy." *Ceres Partners v.*

3

*GEL Associates*, 918 F.2d 349, 356-58 (2d Cir. 1990) (citing *DelCostello,* 462 U.S. at 171).

Following the Supreme Court's instruction, courts have applied the most analogous state statutes to determine if Lanham Act claims are time-barred. *See e.g.*, *Aoki v. Gilbert*, No. 2:11-CV-02797-TLN-CK, 2014 WL 3689345, at *11 (E.D. Cal. July 23, 2014) (applying California law); *Kusek v. Family Circle, Inc*., 894 F. Supp. 522, 531 (D. Mass. 1995) (applying Massachusetts law); *Baby Trend, Inc. v. Playtex Prod., LLC*, No. 5:13-CV-647-ODW RZX, 2013 WL 4039451, at *3 (C.D. Cal. Aug. 7, 2013) (applying California law); *Polar Bear Prods., Inc. v. Timex Corp*., 384 F.3d 700, 720 (9th Cir. 2004) (applying Montana law); *Gaudreau v. Am. Promotional Events, Inc.*, 511 F. Supp. 2d 152, 157 (D.D.C. 2007) (applying D.C. law).

Because the Lanham Act does not contain a statute of limitations, courts in this district apply the Connecticut three year-statute of limitations for fraud. *Argus Research Grp., Inc. v. Argus Media, Inc*., 562 F. Supp. 2d 260, 273 (D. Conn. 2008). Construing the Complaint in the light most favorable to Plaintiff, it is clear here that the three-year statute of limitations for fraud applies to Plaintiff's Lanham Act claims. The limitations period also applies to the common law trademark infringement claims. *See CSL Silicones Inc. v. Midsun Grp. Inc.*, 170 F. Supp. 3d 304 (D. Conn. 2016), reconsideration denied, No. 3:14-CV-01897 (CSH), 2016 WL 3566188 (D. Conn. June 27, 2016)("*CSL*").  As detailed above, Plaintiff learned of the infringing conduct as early as April 2012. The claims accrued then. *See RBC Nice Bearings, Inc. v. Peer Bearing Co.,* 410 F. App'x 362, 367 (2d Cir. 2010) (claims accrue at first instance of purported infringement plaintiff was aware of). Plaintiff did not file suit within the three year-statute of limitations, i.e. before April 2015.

Plaintiff's avoidance of the limitations issue appears to be a concession of the defect in its time-barred claims. Concededly, many courts in this district have addressed only laches.

4

However, whether by happenstance or specific litigation strategy, those cases reveal that the subject of the disputes was laches or other subject matter – not the statute of limitations as a distinctly asserted defense. *See e.g.*, *Argus Research Grp., Inc. v. Argus Media, Inc.*, 562 F. Supp. 2d 260, 272 (D. Conn. 2008) (addressing "laches and acquiescence" – the "only" bases on which summary judgment was sought); *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 676 F. Supp. 2d 9, 24 (D. Conn. 2009), aff'd, 410 F. App'x 362 (2d Cir. 2010) (addressing defendant's only asserted ground for summary judgment – laches); *CSL Silicones,* 170 F. Supp. 3d at 315 (D. Conn. 2016), reconsideration denied, No. 3:14-CV-01897 (CSH), 2016 WL 3566188 (D. Conn. June 27, 2016) (addressing the issue of whether Lanham Act laches arguments are subsumed by CUTPA's three year statute of limitations.); *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 746 (2d Cir.), cert. denied, 137 S. Ct. 160, 196 L. Ed. 2d 121 (2016) (finding that laches did not apply to claims that were *initially* brought *within* six year limitations period because they were timely when initially brought).

Importantly, these courts did not consider a properly raised statute of limitation defense, and therefore did not divert from *DelCostello* and *Reed* – which require courts adjudicating federally created rights to apply the most analogous state statutes of limitations. Here, Plaintiff filed suit in October 2017 – two years and six months after the limitations period ended. Applying the appropriate three-year limitations period, whether measured from April 2012 or May 2013, leads to only one conclusion – that Plaintiff's claims are time-barred.

> 2. <u>The Sparingly-applied Equitable Tolling Doctrine Does Not Apply to Plaintiff's Claims For Trademark Infringement And Is Not Pleaded In The Complaint.</u>

A party seeking equitable tolling has the burden of establishing that it applies. *Credit*

5

*Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) "The decision whether to equitably toll a statute of limitations is left to the sound discretion of the Court[.]" *Kregos v. Associated Press*, 3 F.3d 656, 661 (2d Cir. 1993). In applying equitable principles, courts "must be governed by rules and precedents no less than the courts of law." *See Lonchar v. Thomas*, 517 U.S. 314, 323 (1996). Where a claimant has not vigilantly pursued its rights, courts are reluctant to apply equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457 (1990). In private litigation, federal courts apply tolling only *sparingly*. *Id*. Tolling only applies where a claimant has diligently pursued judicial remedies by filing a pleading, which is defective or where the claimant has been tricked or deceived by the defendant such that the limitations period passes. *Id*. Here, even taking the Complaint and the attached exhibits as true with all inferences in Plaintiff's favor, it is apparent that equitable tolling has no place in this action.

<u>First</u>, Plaintiff did not file a *trademark infringement* pleading, let alone a defective one, within the applicable time period. Plaintiff concedes this. Doc. No. 28, p. 17 ("Hybrid also notes that the present suit would have been brought *much sooner*[.]"). Plaintiff was *aware* of the alleged *infringement* since at least April of 2012. Doc. No. 1, ¶¶61, 60, 59, 49, 62, 63, 73, 96; Doc. No. 28, p. 16. Plaintiff also argues that it was "made aware of first sales by Hylete" in "March 2013." Doc. No. 28, p. 16; and that it was aware of "literally thousands" of instances of actual confusion in May 2013. Doc. No. 1-4, p. 9. Plaintiff's choice not to sue for trademark infringement within the limitations period bars its claims.

<u>Second</u>, the opposition proceeding instituted by Plaintiff is not a trademark infringement proceeding. *Topp-Cola Co. v. Coca-Cola Co.*, 314 F.2d 124, 126 (2d Cir. 1963) ("the filing of an opposition … is not by itself a charge or warning of a future charge of infringement."). The TTAB is an administrative agency and does not "determine the right to use" a trademark or

"decide broader questions of infringement or unfair competition" - only the rights to register a mark. *See* Trademark Manual of Procedure § 102.01 (2014). Plaintiff's opposition at the TTAB therefore had nothing to do with its *trademark infringement* claims and, in any event, was limited to the Hylete Logo ("⏃"), not any of the other accused marks. Plaintiff also argues repeatedly that because of the preclusive effect enunciated in *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 191 L. Ed. 2d 222 (2015), its decision to forego pursuing a trademark infringement action in district court was worthwhile and thereby tolled the limitations period. *See* Doc. No. 28, pp., 1316, 20. But, *B & B Hardware* does not stand for the proposition, even mildly, that opposition proceedings toll the applicable Lanham Act statutes of limitations.

Third, Plaintiff did not plead any tolling of time in its Complaint. In spite of knowledge of use of the mark, and Plaintiff's purported knowledge of "literally thousands" of instances of *actual* confusion by at least May 2013, Plaintiff did not file suit until October 2017. Although Plaintiff could have filed this suit much earlier, Plaintiff chose not to and chose to delay the filing of a trademark infringement pleading until its opposition proceeding was completed. Plaintiff even explains its strategy for the delay – to discover Hylete's detailed sales information.

But Plaintiff misperceives the grounds necessary to invoke equitable tolling. A plaintiff's strategic or misinformed decision to pursue alternative relief does not warrant tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (filing of the "right to sue letter" rather than the complaint did not toll the 90–day period). *Carter v. Brennan*, No. 3:14CV10 JBA, 2015 WL 2089689, at *2 (D. Conn. May 4, 2015), aff'd, 667 F. App'x 349 (2d Cir. 2016) (choice to pursue arbitration did not toll 45-day period to initiate proceedings at Equal Employment Opportunity Commission). The essence of the equitable tolling doctrine "is that a statute of limitations does not run against a plaintiff who is unaware of his cause of

7

action." *Long v. Abbott Mortgage Corp*., 459 F.Supp. 108, 113 (D.Conn. 1978). "[L]imitations periods are designed to protect parties from suits commenced late for strategic purposes." *Long v. Card*, 882 F. Supp. 1285, 1288 (E.D.N.Y. 1995).

Here, Plaintiff candidly admits that it commenced the opposition proceeding for *strategic* purposes before eventually pursuing an infringement action. Doc. No. 28, p. 20. ("Hybrid *chose* to first bring an opposition proceeding …to discover Hylete's sales … and to e*ventually* bring the favorable decision to district court."). But this is the ill-informed gamesmanship that does not toll limitations periods. To invoke tolling, a party must show diligence and that circumstances prevented them from pursuing their rights. *Zerilli–Edelglass v. N.Y. City Transit Auth*., 333 F.3d 74, 80–81 (2d Cir. 2003). Plaintiff's strategic decisions to delay filing suit do not demonstrate either. Moreover, Plaintiff does not allege any concealment. Indeed, Plaintiff alleges that it was aware of actual infringement by at least May 2013. The facts in the Complaint underscore Plaintiff's admission that it intentionally delayed filing its suit for strategic purposes. Tolling does not apply.

### B. Plaintiff's CUTPA Claim And The Unjust Enrichment Claim Must Be Dismissed Because They Are Barred By The Three Year Statute of Limitations And Other Defects

Plaintiff does not cite to any authority supporting its position that filing a trademark opposition tolls the statute of limitations for its state law claims. Plaintiff also does not address the preemption of its CUTPA claim as alleged. Further, in spite of its generalized reference to various allegations (Doc. No. 28, p. 24), Plaintiff fails to point to any *specific* allegation that shows classic passing off as alleged under the claim. Because the strict CUTPA statute of limitations bars Plaintiff's claim, Plaintiff's other arguments are surplusage.

With respect to Plaintiff's unjust enrichment claims, although trial courts are not bound to

mechanically apply limitations periods for equitable claims, the claims can fail where they substantively rely on time-barred legal claims. *See e.g., Dolmetta v. Uintah Nat. Corp.*, 712 F.2d 15, 20 (2d Cir. 1983) (unjust enrichment claim barred because the legal claims it was based on were time barred). Because Plaintiff's unjust enrichment claim relies on the time-barred trademark infringement claims, it is also time-barred.

### C. All of Plaintiff's Claims Are Also Barred Under The Doctrine Of Laches Because Plaintiff Waited Almost Three Years *After* the Relevant Limitations Period To File Suit

Even when proceeding under the separate equitable laches defense, each of Plaintiff's claims is barred for the aforementioned reasons. This is especially so because Plaintiff does not substantively argue or prove that the claims accrued any later than April 2012.

Also, while Plaintiff argues about Hylete's "unclean hands", its own Complaint demonstrates the contrary. At best, the Complaint merely alleges that Hylete had knowledge of Plaintiff's marks. This is insufficient. The "intentional infringement" required for an unclean hands finding is an "intention to confuse" and a lack of "good faith." *Harley-Davidson, Inc. v. Grottanelli*, 164 F.3d 806, 813 (2d Cir. 1999). Apart from the Complaint's bare legal conclusion of willful infringement, which is insufficient, nothing in the Complaint demonstrates an intention to confuse or a lack of good faith. *See Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir.2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted).

On the contrary, the Complaint (and exhibits attached thereto) show that there was no intent to confuse and that Hylete actually had a good faith belief of non-infringement. *See e.g.*, Doc. No. 1-4, pp.3, 4 (Hylete explaining the HYLETE mark was simply a condensed "Hybrid Athlete" that Hylete had been using for a long time; Hylete also said they were not trying to copy

9

anything from Plaintiff and even invited Plaintiff's input on its products). Indeed, the same document shows Hylete's good faith belief that Hylete was not trying to trade on Plaintiff's goodwill and Hylete had a good faith belief the logos were not confusingly similar – especially in light of the number of other "H" logos on the market. Doc. No. 1-4, p.9.

Plaintiff's decision to wait and see detailed sales figures is exactly why Plaintiff cannot prevail. It is not equitable for a "well-informed merchant with knowledge of a claimed invasion of right, to wait to see how successful his competitor will be and then destroy with the aid of a court decree[.]" *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 498 (2d Cir. 1961). While not required to file suit at first suspicion, Plaintiff was required to file suit within the limitations period as soon as it was aware of *any provable* infringing conduct, i.e. when it became aware of a likelihood of confusion or actual confusion. *ProFitness*, 314 F.3d at 70. The Complaint alleges Plaintiff's awareness of the accused marks and of instances of *actual* confusion since April 2012 and by latest May 2013. Waiting until October 2017 to file suit is unreasonable. Laches applies and, consequently, Plaintiff cannot prevail on any of its claims.

### D. Transfer to The Southern District Is Appropriate Especially Because It Is The Locus Of Operative Facts

The locus of operative facts for trademark infringement action is where the misrepresentation occurs, not where it is received. Also Plaintiff does not identify the "many witnesses" it claims are located in Connecticut. An analysis of Plaintiff's other arguments reveals that they are either concessions of neutrality or unsupported factual assertions.

### III. CONCLUSION

The three year statute of limitations bars and the separate doctrine of laches bar all of Plaintiff's claims and they should be dismissed with prejudice.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: February 2, 2018 | /s/ Dave Deonarine |

Dave Deonarine, *phv09386*
Pattric J. Rawlins, *phv09482*
Nicholas S. Kawuka, *phv09387*
Attorneys for Defendant Hylete LLC
Procopio, Cory, Hargreaves
  & Savitch LLP
12544 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: (858) 720-6300
Fax: (619) 398-0167
Email:   dave.deonarine@procopio.com
           pattric.rawlins@procopio.com
           nicholas.kawuka@procopio.com

Thomas J. Mango (CT Bar No. 428238)
Cantor Colburn LLP
20 Church Street, 22nd Floor
Hartford, CT 06103-3207
Tel: (860) 286-2929
Fax: (860) 286-0115
Email: tmango@cantorcolburn.com

11

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

# CERTIFICATE OF SERVICE

| | |
|---|---|
| HYBRID ATHLETICS, LLC, | ) |
| Plaintiff, | ) Case Action No. 3:17-CV-1767 |
| v. | ) |
| HYLETE LLC, | ) |
| Defendant. | ) |

I hereby certify that on February 2, 2018, a copy of the foregoing DEFENDANT HYLETE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS HYBRID ATHLETICS, LLC'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO CHANGE VENUE, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ Dave Deonarine
Dave Deonarine, *phv09386*
Attorneys for Defendant Hylete LLC
Procopio, Cory, Hargreaves
  & Savitch LLP
12544 High Bluff Drive, Suite 300
San Diego, CA  92130
Tel:  (858) 720-6300
Fax: (619) 398-0167
Email:    dave.deonarine@procopio.com