UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYBRID ATHLETICS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HYLETE LLC, <br><br> Defendant. | Civil Action No. 3:17-CV-01767-VAB |

PLAINTIFF'S SUR-REPLY IN RESPONSE TO
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Hybrid Athletics, LLC ("Hybrid") files this sur-reply to address Hylete, LLC's ("Hylete") newly-cited cases and egregious misstatements of law in its Reply. (Dkt. 41.) Hylete's Reply now states it "seeks dismissal of Plaintiff's claims *primarily* because the statute of limitations on all such claims has run." (*Id.* at 3 (emphasis original).) For the first time, Hylete incorrectly states that the statute of limitations is a separate and distinct defense and that the "Supreme Court has made clear that where Congress did not prescribe a statute of limitations for a federally created right, courts must apply the most analogous state statute of limitations." (*Id.* (emphasis added).) Hylete also incorrectly states that this Court has "not consider[ed] a properly raised statute of limitations defense." (*Id.* at 5.)

In the Second Circuit it is unmistakably clear – there is no statute of limitations defense for Lanham Act claims. "[W]hile 'analogous statutes of limitation [are] an important determinant in the application of a laches defense,' *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996), a court does not superimpose a statute of limitations upon an equitable statutory

1

scheme, like the Lanham Act, that contains none." *CSL Silicones Inc. v. Midsun Grp. Inc.,* 170 F. Supp. 3d 304, 315 (D. Conn. 2016), *reconsideration denied*, No. 3:14-CV-01897(CSH), 2016 WL 3566188 (D. Conn. June 27, 2016). Put differently, "'[s]tate statutes of limitations [do] not apply to a federal cause of action lying only in equity, because the principles of federal equity are hostile to the 'mechanical rules' of statutes of limitations.'" *Brennan v. Nassau Cnty.*, 352 F.3d 60, 63 (2d Cir. 2003) (quoting *DelCostello v. Int'l. Bhd. of Teamsters*, 462 U.S. 151, 162 (1983)); *see also Le Gate v. Panamolga*, 221 F.2d 689, 691 (2d Cir. 1955) ("We are not disposed however to mechanically apply the analogous statute of limitations without regard to the equities.").

Thus, courts in the Second Circuit only "look to 'the most appropriate' or 'the most analogous' state statute of limitations" to determine which party possesses the burden of proving or rebutting the defense of laches. *Conopco, Inc. v. Campbell Soup Co.* 95 F.3d 187 at 191 (2d Cir. 1996) (citations omitted); *CSL Silicones,* 170 F. Supp. 3d at 315-16. In addition to the Second Circuit, the Third[1], Sixth[2], Seventh[3] and Eleventh[4] Circuits follow this approach, while the Ninth[5] has not decided the issue.

---

[1] *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123 (3d Cir. 2005), *cert. denied*, 126 S. Ct. 734 (2005).
[2] *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362 (6th Cir. 1985), *cert. denied*, 476 U.S. 1158 (1986).
[3] *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813 (7th Cir. 1999).
[4] *Kason Industries, Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 43 U.S.P.Q.2d 1831 (11th Cir. 1997).
[5] *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002), *cert. denied*, 537 U.S. 1047 (2002) (in analyzing laches, stating "[t]he proper interplay between laches and the statute of limitations for Lanham Act claims is somewhat elusive"); *Internet Specialties West, Inc. v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985 (9th Cir. 2009) (seven year delay triggered a presumption of laches; but no prejudice was found).

Hylete's argument is new to its Reply, but not this Circuit or Court. In *CSL Silicones Inc. v. Midsun Grp. Inc.*, Midsun attempted to argue "that the adjudication of the CUTPA statute of limitations issue resolves the timeliness issues as to all of [CSL]'s claims, including those brought under the federal Lanham Act." *CSL Silicones,* 170 F. Supp. 3d at 315. Applying Second Circuit law, this Court denied Midsun's argument, explaining that applying a statute of limitations "would thereby obviate federal congressional intent in passing the Lanham Act, which Congress expressly left subject to equitable considerations." *Id.* at 315-316 (citing *WarnerVision Enter. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) ("the stated intent of Congress [was] that the Lanham Act would be governed by equitable principles, which Congress described as 'the core of U.S. trademark jurisprudence'")(quoting S. Rep. No. 515, 100th Cong., 2d Sess. 30 (1988))).

Finally, Hylete cites no controlling decision in support of its arguments, relying only on inapplicable cases from outside this Circuit. (Dkt. 41 at 4.)  Furthermore, in these Circuits or cases where a statute of limitations is applied to a Lanham Act claim, it is only a bar to monetary relief outside of the statute of limitations. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002) ("the statute of limitations is conceivably only a bar to monetary relief for the period outside the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period."); *Kusek v. Family Circle, Inc.*, 894 F. Supp. 522, 530-533 (D. Mass. 1995) (public availability of magazine back issues in which allegedly infringing trademark "Speed Cooking" appeared did not amount to ongoing "use in commerce" within the statute of limitations period).

Therefore, Hylete's arguments that Hybrid's Lanham Act Claims should be dismissed under a statute of limitations is without merit and has already been decided by this Court.

Therefore, Hylete is wrong in attempting to apply a statute of limitations to Hybrid's Lanham Act claims. Moreover, for the reasons stated in Hybrid's Opposition to Hylete's motion, including (1) Hylete's unclean hands and lack of prejudice, and (2) Hybrid's timely-filed lawsuit, laches does not apply.

                                                  Respectfully Submitted,

Date: February 27, 2018                    */s/ Michael J. Kosma*
                                             Michael J. Kosma, ct27906
                                             Whitmyer IP Group LLC
                                             600 Summer Street
                                             Stamford, CT 06901
                                             Tel: 203-703-0800
                                             Fax: 203-703-0801
                                             Email: litigation@whipgroup.com
                                                                 mkosma@whipgroup.com

                                             ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  This is to certify that on this 27th day of February, 2018, a true and correct copy of the foregoing PLAINTIFF'S SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<u>February 27, 2018</u>　　　　　　　　　　　　　　　*<u>/s/Joan M. Burnett</u>*
Date