**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

HYBRID ATHLETICS, LLC,
    *Plaintiff*,

v.

HYLETE, LLC, HYLETE, INC.,
RONALD L. WILSON, II, and
MATTHEW PAULSON,
    *Defendants*.

No. 3:17-cv-1767 (VAB)

**RULING AND ORDER ON DISCOVERY DISPUTES AND THE AMENDMENT OF
THE PRE-TRIAL SCHEDULE**

On April 17, 2019, the Court held a telephonic discovery conference to address several pending discovery disputes in this trademark infringement action. Minute Entry, dated Apr. 17, 2019, ECF No. 155.

For the reasons explained below, the Court makes several discovery rulings but reserves decision on others. In addition, as discussed below, the Court has determined that it must adopt a more focused schedule to manage discovery in this case.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the factual allegations and procedural history of this trademark infringement action is assumed.

On February 20, 2019, Hybrid Athletics ("Hybrid" or "Plaintiff") and all Defendants jointly moved for a discovery conference to address six discovery disputes. Joint Motion, dated Feb. 20, 2019, ECF No. 128.

On March 14, 2019, the Court granted the parties' joint motion to amend the scheduling order and extended multiple pre-trial deadlines. Amended Scheduling Order, dated Mar. 14,

2019, ECF No. 135. Fact discovery was set to close on April 26, 2019, while all discovery was set to close on July 3, 2019. *Id.*

On April 3, 2019, the Court granted the parties' February 20, 2019 joint motion and set a telephonic discovery conference for April 10, 2019. Order, dated Apr. 3, 2019, ECF No. 143; Notice of E-Filed Calendar, dated Apr. 3, 2019, ECF No. 144.

That same day, the Court also scheduled a telephonic motion hearing on two still-pending motions to quash a subpoena served by Defendant, Hylete, LLC, on a non-party, CrossFit, Inc. Those motions to quash, which were separately docketed as Case Nos. 3:18-mc-105 and 3:18-mc-106, were directly related to several of the issues raised by the parties' February 20, 2019 joint motion; the Court therefore scheduled the hearing so it would immediately follow the telephonic discovery conference.

On April 5, 2019, Hylete, Inc. and another defendant, Hylete, LLC, moved to continue the April 10, 2019 hearing by one week. Emergency Motion to Continue, dated Apr. 5, 2019, ECF No. 145.

On April 8, 2019, the Court granted that continuance and re-scheduled the telephonic discovery conference for April 17, 2019. Order, dated Apr. 8, 2019, ECF No. 146; Notice of E-Filed Calendar, dated Apr. 8, 2019, ECF No. 147. The Court also continued the telephonic motion hearing for the motions to quash to April 17, 2019. *See* Notice of E-Filed Calendar, dated Apr. 8, 2019, No. 3:18-mc-105 (VAB), ECF No. 38.

On April 15, 2019, the parties filed a new joint motion for a discovery conference. Joint Motion, dated Apr. 15, 2019, ECF No. 148. This motion raised an additional six issues for the Court's consideration.

On April 17, 2019, the Court held a telephonic discovery conference. Minute Entry, dated Apr. 17, 2019, ECF No. 155. The Court declined to address the new issues raised in the April 15, 2019 joint motion, as well as one issue raised in both motions for which significant new briefing was provided in the April 15, 2019 motion.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

But "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Indeed, "[a] trial court enjoys wide discretion in its handling of pre-trial discovery . . . ." *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *see In Re Agent Orange Product Liability Litigation*, 517 F.3d 76, 103 (2d Cir. 2008) (the district court has "wide latitude to determine the scope of discovery."); *Gen. Houses v. Marloch Mfg. Corp.*, 239 F.2d 510, 514 (2d Cir. 1956) ("The order of examination is at the discretion of the trial judge . . . .").

## III. DISCUSSION

As the Court discussed with the parties during the April 17, 2019 telephonic discovery conference, the discovery disputes in this case appear to have complicated the expeditious resolution of this case.

Accordingly, in the interest of judicial economy and consistent with this Court's inherent authority to manage its docket to resolve cases efficiently and expediently, *Dietz*, 136 S. Ct. at 1892, the Court adopts the following schedule:

- By **May 3, 2019**, the parties shall meet, confer, and propose a new, realistic schedule for the completion of discovery and the briefing of dispositive motions in light of the rulings below, the still-pending discovery issues to be resolved, and any additional issues that may require changes to the schedule. If the parties cannot agree on that schedule, they may submit separate proposed schedules.
- By **May 17, 2019**, the parties shall submit short briefs of no more than 5 pages outlining the outstanding discovery issues requiring the Court's involvement from the parties' April 15, 2019 joint motion.
- By **June 21, 2019**, the parties shall submit a joint status report outlining any remaining discovery issues to be resolved, accompanied, to the extent necessary, by short briefs of no more than 5 pages.

Furthermore, as discussed during the telephonic discovery conference, the Court rules as follows on three of the discovery disputes:

**First**, as to the sufficiency of the damages analysis provided by Hybrid, the Plaintiff, the damages analysis produced by Hybrid complies with the requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), insofar as Hybrid has supplemented its initial damages disclosures by setting forth the damages they seek as well as identifying documents or other evidentiary material on which that computation is based. *See* FED. R. CIV. P. 26(a)(1)(A)(iii); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it

requires a 'computation,' supported by documents.") (citing pre-restyling version of FED. R. CIV. P. 26(a)(1)(A)(iii)). To the extent that Defendants require specific additional information regarding damages, they may seek it through other discovery.

**Second**, as to Hybrid's response to Defendants' Interrogatory Number 12 concerning communications with third parties about the disputed marks, the interrogatory will be considered complete, based on Hybrid's representations during the discovery conference that no further supplementation need be provided. To the extent that additional communications are later disclosed, which should have been disclosed previously, Defendants may be entitled to additional discovery from Hybrid, even if discovery has closed.

**Third**, as to Defendant Matthew Paulson's requests for production of additional responsive e-mail search term results, the parties shall follow the procedure previously agreed to in the jointly submitted Rule 26(f) report. That procedure shall also apply with equal force to any pending requests for e-mail search term results made by Hybrid.

The Court reserves decision as to two other issues raised in the parties' February 20, 2019 motion, as they are related to the still-pending motions to quash, which will not be fully briefed for decision until May 17, 2019.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of April, 2019.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge