UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HYBRID ATHLETICS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HYLETE LLC, HYLETE, INC., RONALD L. WILSON, II, and MATTHEW PAULSON, <br><br> Defendants. | Civil Action No. 3:17-CV-01767-VAB |

## MEMORANDUM IN SUPPORT OF HYLETE'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 15(a) and 16(b), Defendant Hylete, Inc. ("Hylete") respectfully moves for leave to file its Amended Answer and Counterclaims as a result of new information learned during recent discovery and, pursuant to Rules 13(h) and 20(a), to add Robert Orlando as a counterclaim defendant.

During recent depositions in March and April 2019, Hylete learned that Plaintiff Hybrid Athletics ("HA") and HA's sole owner Robert Orlando ("Orlando") interfered with Hylete's business by making false and misleading statements about Hylete, Hylete's trademarks and Hylete's products, interfered with Hylete's business relationships and Hylete's fundraising efforts, and committed further acts of fraud in obtaining HA's trademark registrations.

As a result, Hylete seeks to amend its counterclaims to add claims of false advertising under the Lanham Act, tortious interference with business expectancies, commercial disparagement and defamation, cancellation of HA's trademark registrations, and violations of the Connecticut Unfair Trade Practices Act.

Good cause exists for granting Hylete leave to add these counterclaims and other

3

amendments fine-tuning previous allegations in light of recent discovery, since Hylete only learned this new information in recent depositions.

HA would not be prejudiced by the proposed amendments. Discovery is not set to close until approximately five months from now (based on the parties' joint proposed case schedule). The new counterclaims against Orlando arise out of the same transactions as alleged against HA and questions of law and fact common to both HA and Orlando will arise in these counterclaims. Further, adding Orlando will not divest the Court of subject matter jurisdiction.

A clean version and redlined copy of the proposed Amended Answer and Counterclaims are attached to Hylete's motion as Exhibits A and B, respectively.

## I.    FACTS

HA filed its initial Complaint against Hylete on October 23, 2017 alleging trademark infringement and related state law claims. Doc. No. 1. Seven months after the December 23, 2017 deadline to amend pleadings, HA moved to amend its Complaint and to add parties. *See* Doc. No. 76. HA and Hylete fully briefed the motion, and the Court granted HA's motion on September 10, 2018. *See* Doc. Nos. 82, 83, 87. On September 12, 2018, HA filed its First Amended Complaint ("FAC") adding Ronald L. Wilson, II, and Matthew Paulson as defendants and adding several new allegations. *See* Doc. No. 92. On September 26, 2018, Hylete filed its Answer and Counterclaim alleging counterclaims against HA for cancellation of HA's trademark registrations. *See* Doc. No. 104. HA answered all of Hylete's counterclaims on October 17, 2018. *See* Doc. No. 115. Rather than file an Answer to HA's FAC, on October 10, 2018, the individual defendants Wilson and Paulson ("Individual Defendants") moved to dismiss the FAC. *See* Doc. Nos. 112, 113. Wilson, Paulson, and HA fully briefed the motion and now await the Court's hearing and decision on it. *See* Doc. Nos. 116, 122. All throughout this time, all parties have been engaged in discovery.

4

During recent discovery, including recent depositions in March and April 2019, Hylete learned that HA and Orlando interfered with Hylete's business by making false and misleading statements about Hylete, Hylete's trademarks and Hylete's products, interfered with Hylete's business relationships and Hylete's fundraising efforts, and committed further acts of fraud in obtaining HA's trademark registrations.  Specifically, Orlando admitted that he personally directed and even personally performed the alleged unlawful conduct, which includes making false statements about the ownership of Hylete's marks, improper statements urging consumers not to buy Hylete's products, statements urging or supporting others who sought to interfere in Hylete's efforts to fundraise and grow its business, and other the conduct and practices that support proposed Counterclaim counts 10 through 13, which are specifically asserted against Orlando.  Indeed, Mr. Orlando testified that he is responsible for all aspects of HA's business and controls 100% of HA.

Further, the recent 30(b)(6) deposition of HA and the deposition of Orlando revealed information relating to HA's and Orlando's prosecution of HA's trademark applications before the United States Patent and Trademark Office ("USPTO").  This testimony exposed new acts of fraud before the USPTO and other facts that support Hylete's counterclaims for cancellation of HA's trademark registrations.

## II.     LEGAL STANDARD AND ARGUMENT

Fed. R. Civ. P. 15(a)(2) provides that the court "should freely give leave" to amend pleadings when justice so requires. Generally, courts will grant leave to amend unless there is good reason to deny the motion such as "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Min Jin v. Metro Life Ins. Co.*, 310 F.3d 184, 101 (2d Cir. 2002).  While motions to amend pleadings are generally governed by Rule 15(a), Rules 20 and 21 control if the proposed amendment adds a new party. *See Meyers v. Kishimoto*, No. 3:14CV535(CSH), 2015

WL 4041438, at *3 (D. Conn. July 1, 2015); Fed. R. Civ. P. 20(a). There is little practical difference and the considerations under Rule 15(a) apply with equal force to amendments to add parties. *Meyers*, 2015 WL 4041438, at *3; *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012).

Where, as here, the court has entered a scheduling order setting a deadline for the amendment of pleadings, a showing of good cause is required for amendments after the deadline. Fed. R. Civ. P. 16(b)(4); see *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). A court will find "good cause" where the moving party has demonstrated "diligence," *Parker*, 204 F.3d at 340, and the party's amendment would not significantly prejudice the nonmoving party. See *Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). There is good cause to grant Hylete's motion for leave to file its proposed Amended Answer and Counterclaims because Hylete moved for leave promptly after learning of the new information that gives rise to the amendments and the filing of the Amended Answer and Counterclaims would not prejudice the counterclaim defendants.

1. **Hylete Has Exercised Diligence in Filing its Motion for Leave to File its Amended Answer and Counterclaims**

The original deadline for amending pleadings or adding parties was December 23, 2017, approximately two months after HA initiated this action by filing the original Complaint. At that time, no discovery had occurred. It was only recently, in depositions that occurred in March and April 2019, that Hylete discovered the new information that gives rise to the amendments. Accordingly, Hylete could not have moved for leave to amend prior to the Court's December 23, 2017 deadline. Hylete moved swiftly to file this motion for leave once the facts were known.

Consequently, good cause exists for the Court to grant Hylete's motion for leave to file its Amended Answer and Counterclaims.

### 2. **<u>Hylete Meets The Standard For Leave to Amend Since Counterclaim Defendants Would Not Be Prejudiced by the Amended Answer and Counterclaims and the Proposed Amendments are Not Futile</u>**

The Supreme Court has instructed that leave to amend should be granted "absent any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Hylete meets the standard under Rule 15(a) and Rule 20. There has been no bad faith, dilatory motive, and the proposed amendments are not futile and would not cause undue prejudice to HA or Orlando.

First, in assessing whether there would be undue prejudice, a court must focus on the hardship to the nonmoving party if the amendment is permitted. Specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 725 (2d Cir. 2010). But where the facts underlying the amendments were known to the nonmoving party, there is no undue prejudice. *See Esquire Radio & Elecs., Inc. v. Montgomery Ward & Co.*, 804 F.2d 787, 795 (2nd Cir.1986) ("A party cannot claim unfair surprise when it has been provided with notice of the subject of the amendment to a complaint, by discovery or documents, well in advance of the actual amendment.").

Here, HA and Orlando cannot be prejudiced, or caught off guard, by the new facts alleged by Hylete since both HA and Orlando had first-hand knowledge of the roles they played in the prosecution of HA's trademark applications and in making false and misleading statements

7

about Hylete, Hylete's trademarks and Hylete's products and interfering with Hylete's business relationships and Hylete's fundraising efforts.

Further, this case is still in the discovery phase and discovery is not set to close for almost five months – in late October 2019 (based on the parties' joint proposed case schedule [Doc. No. 174], which the parties agreed to after Hylete provided a draft of its proposed Amended Answers and Counterclaims to HA). Accordingly, HA and Orlando will have ample opportunity to seek and produce discovery that would assist them in defending against the additional allegations and will have plenty of time to prepare its defenses.

Additionally, "[m]ere delay ... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). And so, "parties may amend their pleadings to assert new claims long after they acquired facts necessary to support those claims." *Cisco Tech., Inc. v. Certification Trendz, Ltd.*, 177 F. Supp. 3d 732, 736 (D. Conn. 2016).

Second, it will not be futile if Hylete files its Amended Answer and Counterclaim. In the context of a motion to amend a pleading, "futility" refers to the failure to state a claim upon which relief can be granted. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 114 (2d Cir. 2001). And so, a court may deny leave to amend only if the proposed amendment would not survive a motion to dismiss. *United Rentals (N. Am.) Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298 (JCH), 2015 WL 7257864, at *4 (D. Conn. Nov. 17, 2015). HA did not challenge Hylete's original Answer and Counterclaim counts for failure to state a claim. HA also cannot substantively challenge and prevail on a motion to dismiss the claims in the Amended Answer and Counterclaim because the amended pleading adds a proper Counterclaim defendant - Orlando, clarifies and narrows earlier allegations including allegations of fraud on the PTO, and adds new Counterclaim counts based on information HA's own witnesses recently disclosed or affirmed in

8

depositions in March and April 2020. As to the new counts alleged, those claims arise from conduct HA or Orlando admittedly engaged in, which contravenes federal trademark laws, state law, and the common law. With the substance of the allegations and evidence of record thus far, HA cannot prevail on a motion to dismiss the claims.

Finally, the addition of Orlando as a counterclaim defendant is proper. Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim...". The main purpose of Rule 13(h) is "to dispose of an action in its entirety and grant complete relief to all concerned parties." *Hercules, Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 105 (S.D.N.Y. 1976). Therefore, courts should "construe the rule liberally in an effort to foster judicial economy and avoid multiplicity of litigation." *Id.* at 106 (citing *United Artists Corp. v. Masterpiece Prods., Inc.*, 221 F.2d 213, 217 (2d Cir. 1955).).

Under Rule 20(a)(2), persons may be joined as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence; and (B) any question of law or fact common to all defendants will arise in the action."

Here, Hylete seeks relief jointly and severally from HA and Orlando because of Orlando's central role in personally directing and even personally performing the alleged unlawful conduct and questions of law or fact common to all defendants will arise in the action. *See, e.g.,* Proposed Amended Answer and Counterclaims at paragraphs 17-80; 118-124; 157-185.

### III.  CONCLUSION

For these reasons, Hylete requests that the Court grant it leave to file the attached Amended Answer and Counterclaims. Also attached and lodged with the Court is a Proposed Order.

9

                                              Respectfully Submitted,

DATED:  May 10, 2019                /s/ Dave Deonarine
                                              Dave Deonarine, *phv09386*
                                              Pattric J. Rawlins, *phv09482*
                                              Nicholas S. Kawuka, *phv09387*
                                              Procopio, Cory, Hargreaves
                                               & Savitch LLP
                                              12544 High Bluff Drive, Suite 300
                                              San Diego, CA  92130
                                              Tel: (858) 720-6300
                                              Fax: (619) 398-0167
                                              Email: dave.deonarine@procopio.com
                                              pattric.rawlins@procopio.com
                                              nicholas.kawuka@procopio.com

                                              Thomas J. Mango, ct28149
                                              Michael J. Rye, ct18354
                                              Cantor Colburn LLP
                                              20 Church Street, 22nd Floor
                                              Hartford, CT 06103-3207
                                              Tel:  (860) 286-2929
                                              Fax: (860) 286-0115
                                              Email: tmango@cantorcolburn.com
                                                          mrye@cantorcolburn.com

                                              Attorneys for Defendant Hylete, Inc.