**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HYBRID ATHLETICS, LLC,<br>    *Plaintiff*,<br><br>    v.<br><br>HYLETE, INC., et al.,<br>    *Defendants*. | No. 3:17-cv-1767 (VAB) |

**RULING AND ORDER ON MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S RULING AND ORDER ON HYLETE, INC.'S MOTION FOR LEAVE TO AMEND REGARDING PROPOSED COUNTERCLAIM 6**

On September 6, 2019, Hylete, Inc. ("Hylete") moved for partial reconsideration of this Court's August 30, 2019 Ruling and Order on a motion to dismiss or transfer and a motion to amend the answer and counterclaims. Motion for Partial Reconsideration, ECF No. 211 (Sept. 6, 2019) ("Def.'s Mot."); *see also* Ruling and Order on Motion to Dismiss and Motion to Amend, ECF No. 209 (Aug. 30, 2019) ("Ruling"). Under D. Conn. L. Civ. R. 7(c), Hylete asks the Court to reconsider its decision denying Hylete's motion for leave to amend its Answer and Counterclaims, and argues again for the Court to add proposed Counterclaim 6. *Id.*

On September 13, 2019, Hybrid Athletics, LLC ("Hybrid") objected. Opposition to Hylete's Motion for Partial Reconsideration, ECF No. 212 (Sept. 13, 2019) ("Pl.'s Opp.").

This Court's Ruling denied Hylete leave to add proposed Counterclaim 6 and found that Hylete did not demonstrate good cause for the amendment. Ruling at 23-24. Additionally, this Court also declined to "grant Hylete leave to add this new counterclaim into the case at this advanced stage of the litigation, as it would prejudice Hybrid by substantially increasing the cost and time required to litigate this matter." *Id.* at 24.

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). This standard is strict, and requires the movant to point to matters "that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 71 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'[.]" *Mandell v. Doloff*, No. 3:17-cv-01282-MPS, 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)).

Hylete first argues that the Court overlooked facts Hylete identified underlying proposed Counterclaim 6 that were uncovered during recent discovery. *See* Def.'s Mot. at 2. In support of this argument, Hylete references statements it made in prior filings. *See id.* at 2-3.

Hylete next argues that the Court overlooked critical facts regarding the discovery required with respect to proposed Counterclaim 6. *See id.* at 3-5. In support of this argument, Hylete also references statements made in prior filings. *See id.*

In opposition, Hybrid emphasizes that "Hylete does not point to a single fact or controlling decision the Court overlooked. Instead, Hylete's brief parrots prior arguments in the hope of a different result." Pl's Opp. at 1. Importantly, Hybrid notes, "Hylete cites no new fact, evidence, change of law, error, or injustice that it suffers." *Id.* at 2 (footnote omitted).

The Court agrees.

Hylete's arguments for partial reconsideration of the Court's Ruling are based on arguments from prior filings. Because Hylete fails to point out controlling decisions or data that the Court overlooked, but instead rehashes the same arguments already addressed in the Court's Ruling, *see* Ruling at 23-24, the Court declines to reconsider denying leave to add proposed Counterclaim 6.

For the reasons explained above, the motion for partial reconsideration is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of October, 2019.

         /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge