UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HYBRID ATHLETICS, LLC,
    *Plaintiff*,

v.

HYLETE, INC., et al.,
    *Defendants.*

No. 3:17-cv-1767 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Hybrid Athletics, LLC ("Plaintiff" or "Hybrid") moves to dismiss five of the combined seventeen counterclaims filed by Hylete, Inc., and Hylete, LLC (collectively "Hylete"), Ronald L. Wilson, II, and Matthew Paulson (collectively "Defendants") under Federal Rules of Civil Procedure 12(b) and 12(c). Mot. to Dismiss Hylete's Countercls. 5 and 8 and Wilson and Paulson's Countercls. 5, 6, and 9, ECF No. 233 (Oct. 11, 2019).

For the following reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

By **December 6, 2019**, Mr. Wilson and Mr. Paulson must file an Amended Answer and affirmative defenses, including an amended Counterclaim 5 and without the filed Counterclaim 6, and Hybrid must re-file a responsive pleading or otherwise respond to this filing by **December 13, 2019**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with the factual allegations and procedural history of this trademark infringement action is assumed. *See Hybrid Athletics v. Hylete, LLC*, 2018 WL 4323816, at *1–2 (D. Conn. Sept. 10, 2018); Ruling and Order on Mot. to Dismiss and Mot. to Amend Answer, ECF No. 209 at 2-5 (Aug. 30, 2019); *see also* Ruling and Order on Mots. to Quash, ECF No. 210

1

at 2-10 (Aug. 30, 2019) ("Quash Order"); Ruling and Order on Outstanding Disc. Disputes, Mot. to Strike, and Renewed Mots. to Quash, ECF No. 254 at 2-4 (Nov. 26, 2019).

On September 20, 2019, Hylete filed an Amended Answer. Hylete's Am. Answer, Affirmative Defenses and Countercls., ECF No. 222 (Sept. 20, 2019) ("Hylete Answer").

On the same day, Mr. Wilson and Mr. Paulson filed their Answer. Wilson and Paulson's Answer, Affirmative Defenses, and Countercls., ECF No. 213 (Sept. 20, 2019) ("Wilson/Paulson Answer").

On October 11, 2019, Hybrid moved to dismiss certain counterclaims filed by Defendants. Mot. to Dismiss Hylete's Countercls. 5 and 8 and Wilson and Paulson's Countercls. 5, 6, and 9, ECF No. 233 (Oct. 11, 2019 ("Mot. to Dismiss"); Hybrid's Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 233-1 (Oct. 11, 2019) ("Hybrid's Mem."). Hybrid argues: (1) that Hylete's Counterclaim 5 and Mr. Wilson and Mr. Paulson's Counterclaims 5 and 6 ("Fraud Counterclaims") fail to state a claim under Federal Rule of Civil Procedure 12(b)(6) because they fail to meet Rule 9(b)'s heightened pleading standards; and (2) that Hylete's Counterclaim 8 and Mr.Wilson and Mr. Paulson's Counterclaim 9 ("Ownership Counterclaims") fail to state a claim under Rule 12(b)(6). Hybrid further moves for judgment on the pleadings under Rule 12(c).

On November 1, 2019, Defendants opposed Hybrid's motion to dismiss. Defs.' Opp. to Mot. to Dismiss, ECF No. 249 (Nov. 1, 2019) ("Defs.' Opp.").

On November 15, 2019, Hybrid replied. Hybrid's Reply in Supp. of Mot. to Dismiss, ECF No. 250 (Nov. 15, 2019) ("Hybrid's Reply").

On November 26, 2019, the Court addressed several outstanding discovery disputes and pending motions, including Hybrid's motion to strike portions of Hylete's Answer. Ruling and Order on Outstanding Discovery Disputes, Mot. to Strike, and Renewed Mots. to Quash, ECF

No. 254 (Nov. 26, 2019). The Court granted in part and denied in part Hybrid's motion to strike, and ordered Hylete to file a Second Amended Answer by December 6, 2019, and for Hybrid to file a responsive pleading by December 13, 2019. *Id.* at 2.

On the same day, the Court also entered an amended scheduling order. Am. Scheduling Order, ECF No. 255 (Nov. 26, 2019).

As the Court has previously noted, the expeditious resolution of this case has been complicated by multiple contentious discovery disputes. *See Hybrid Athletics v. Hylete, LLC*, No. 3:17-cv-1767 (VAB), 2019 WL 1745676, at *2 (D. Conn. Apr. 17, 2019); *see also* Docket Entries. Given the already considerable litigation delays here, and the Court's entry of an amended pre-trial schedule, the Court exercises its discretion to rule on Hybrid's pending motion without oral argument and before Hylete's filing of a Second Amended Answer, because the amendments will not affect this ruling and order.[1] D. Conn. L. Civ. R. 7(a)(3) ("[T]he Court may, in its discretion, rule on any motion without oral argument."); *see generally Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (recognizing a district court's inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases." (citations omitted)).

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Accordingly, the Court refers to any paragraphs as they are numbered in Hylete's Amended Answer from September 20, 2019.

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs.,*

*Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

A complaint alleging statutory or common law fraud must meet Rule 9(b)'s heightened pleading standards and state the circumstances constituting fraud "with particularity." Fed. R. Civ. P. 9(b). "Specifically, the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). Although a plaintiff may plead generally the requisite fraudulent intent, the facts alleged must give rise to a strong inference of fraudulent intent, which may include facts showing that the defendant(s) had both motive and opportunity to commit fraud, or facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006); *see also O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (inference of scienter must be supported by "ample factual basis").

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard applicable to motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## III. DISCUSSION

Because the Court uses the same standard to decide a Rule 12(c) motion for judgment on the pleadings as it would for a Rule 12(b)(6) motion to dismiss, the Rule 12(b)(6) motions will be analyzed for each counterclaim at issue.

### A. Fraud Counterclaims

#### 1. Hylete's Counterclaim 5

Hybrid seeks to dismiss Hylete's Counterclaim 5 for cancellation of U.S. Trademark Registration No. 4,722,185 ("#185 Mark") for fraud by arguing that Counterclaim 5 does not meet Rule 9(b)'s heightened pleading standard. Hybrid Mem. at 3-6. Hybrid argues that Mr. Orlando's alleged knowledge of Hylete's infringing mark cannot form the basis of a fraud claim because a senior user need not identify use by a junior user. *Id.* at 4. According to Hybrid, this case is predicated "on Hybrid's assertion that Hylete does not have the right to use their marks," and so "Hylete's fraud claim with respect to Orlando's knowledge of Hylete at the time of Orlando's application fails as a matter of law." *Id.* at 5 (emphasis omitted). Hybrid also argues that Hylete fails to plead various facts, such as the identity of the unnamed entity alleged to have used a "hybrid" mark or any trademark rights owned by this entity when Hybrid filed its trademark application. *Id.* at 6.

Hylete contends it has properly pled Counterclaim 5 because its Amended Answer specifies the statements made by Mr. Orlando that it contends were fraudulent, Defs.' Opp. at 3 (citing Hylete Answer ¶¶ 42, 45, 48, 50, 51, 105); identifies the speaker, *id.* (citing Hylete Answer ¶¶ 43, 51, 105); states where and when the statements were made, *id.* (citing Hylete Answer ¶¶ 42, 50, 105); and explains why the statements were fraudulent, *id.* (citing Hylete Answer ¶¶ 51, 105). Furthermore, Hylete argues its representative examples give Hybrid fair

6

notice of the allegedly fraudulent statements it made to the USPTO during the application process. *Id.* at 4. Additionally, Hylete notes that Hybrid's argument was previously rejected when the Court granted Hylete leave to add Counterclaim 5. *Id.* at 2.

The Court agrees.

When this Court considered Hylete's motion for leave to amend and add this counterclaim, it held that "[t]he standard for demonstrating that an amendment to an answer is futile . . . is whether it can survive a motion to dismiss." Ruling and Order on Mot. to Dismiss and Mot to Amend Answer, ECF No. 209 at 22; *see also Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." (internal citation omitted)).

Accordingly, because the Court already granted Hylete leave to amend and add this counterclaim, the Court will not now dismiss Hylete's Counterclaim 5.[2]

### 2. Mr. Wilson and Mr. Paulson's Counterclaim 5

Hybrid seeks to dismiss Mr. Wilson and Mr. Paulson's Counterclaim 5 for cancellation of the #185 Mark for fraud by arguing that their Counterclaim 5 does not meet Rule 9(b)'s heightened pleading standard and that it is duplicative. Hybrid Mem. at 7-8. According to Hybrid, Mr. Wilson and Mr. Paulson's "Counterclaim 5 matches Hylete's pre-amendment Counterclaim 5 and excludes the factual allegations the Court allowed to be added in Hylete's Amended Counterclaim 5." *Id.* at 7.

Because the Court granted Hylete leave to amend the same Counterclaim 5 rather than consider whether to dismiss this claim, the Court will *sua sponte* grant Mr. Wilson and Mr.

---

[2] The Court does note that Hylete must re-file its Amended Answer consistent with the Court's Ruling and Order on Outstanding Disc. Disputes, Mot. to Strike, and Renewed Mots. to Quash, ECF No. 254 (Nov. 26, 2019), and ensure its approved amendments are consistent with the proposals initially submitted to the Court.

Paulson leave to amend their Counterclaim 5 so that it is consistent with Hylete's amended Counterclaim 5. *See* Fed. R. Civ. P. 15(a)(2) (The "court should freely give leave [to amend] when justice so requires."). Accordingly, Mr. Wilson and Mr. Paulson may file an Amended Answer and affirmative defenses consistent with this Ruling and Order by **December 6, 2019**,[3] and Hybrid must re-file a responsive pleading or otherwise respond to this filing by **December 13, 2019**.

### 3. Mr. Wilson and Mr. Paulson's Counterclaim 6

Hybrid seeks to dismiss Mr. Wilson and Mr. Paulson's Counterclaim 6 for cancellation of U.S. Trademark Registration No. 4,609,469 ("#469 Mark"). According to Hybrid, this Counterclaim 6 "is nothing more than a restatement of Hylete's denied Proposed Counterclaim 6," which also sought cancellation of the #469 mark. Hybrid Mem. at 8. Hybrid argues that Counterclaim 6 fails to provide the specificity required by Rule 9(b). *Id.* at 8-9. In addition, Hybrid contends that it is prejudiced by this counterclaim brought by Hylete's principals for the same reasons it was prejudiced by Hylete's same Proposed Counterclaim 6. *Id.* at 10.

In response, Mr. Wilson and Mr. Paulson argue that they have sufficiently pled that Mr. Orlando, Hybrid's principal, allegedly knew his statements regarding the #469 Mark's first use date were false. In support of this allegation, they note in particular that Mr. Orlando previously filed an applicaton for an identical, or nearly identical, mark that set forth a March 30, 2010 first use date. Defs.' Opp. at 7. According to these Defendants, Mr. Orlando only filed the #469 Mark application with the earlier first use date of August 2008 when the U.S. Patent and Trademark Office told him there was another registration with priority that would block his mark. *Id.*

---

[3] The amended Counterclaim 5 must match the proposed Counterclaim 5 Hylete originally submitted to this Court, as this Court has already addressed. *See* Ruling and Order on Outstanding Disc. Disputes, Mot. to Strike, and Renewed Mots. to Quash, ECF No. 254 (Nov. 26, 2019).

In reply, Hybrid emphasizes this Court's prior ruling and order, Ruling and Order on Mot. to Dismiss and Mot. to Amend Answer, ECF No. 209 at 23-24; which denied Hylete leave to amend and add Proposed Counterclaim 6, which is identical to this Counterclaim 6. Hybrid Reply at 9.

The Court agrees that Hybrid would be similarly prejudiced by Mr. Wilson's and Mr. Paulson's Counterclaim 6.

The Court previously denied Hylete leave to add Proposed Counterclaim 6 because it would would "require significant new discovery concerning the actions and subjective beliefs of Hybrid and its attorneys in connection with that application." Ruling and Order on Mot. to Dismiss and Mot. to Amend Answer, ECF No. 209 at 23; *see also* Ruling and Order on Mot. for Partial Recons., ECF No. 232 (Oct. 8, 2019) (denying Hylete's motion for partial reconsideration of the Court's decision denying leave to amend and add Proposed Counterclaim 6).

Even though this is Mr. Wilson and Mr. Paulson's first Answer, the Court notes that they are the principals of Hylete and have been part of this case since the Court granted Hybrid leave to amend and add them as co-defendants. *See* Pl.'s Mot. for Leave to Amend, ECF No. 76 (Jul. 27, 2018); *Hybrid Athletics v. Hylete, LLC*, No. 3:17-cv-1767 (VAB), 2018 WL 4323816 (D. Conn. Sept. 10, 2018). The discovery required for their Counterclaim 6 at this even later stage in the litigation would be even more prejudicial to Hybrid. *See GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 102 (2d Cir. 2019) ("The District Court rejected the four counterclaims concerning Radiant on the ground of prejudice, stating that these counterclaims would 'greatly expand the relatively narrow scope of this case' and 'substantially increas[e] the cost and time required to litigate this matter' . . . . Rejecting the counterclaims concerning Radiant was within the District Court's discretion because, at a late stage of the case, their

presentation would have prejudicially expanded the litigation . . . .") (quoting and citing *GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, No. 3:14-cv-1222 (VAB), 2016 WL 6122930, at *6 (D. Conn. Oct. 19, 2016)).

Accordingly, the Court will grant Hybrid's motion to dismiss Mr. Wilson and Mr. Paulson's Counterclaim 6 from their Answer because allowing this new counterclaim into the case at this advanced stage of the litigation would prejudice Hybrid by substantially increasing the cost and time required to litigate this matter. *See Dietz*, 136 S. Ct. at 1892 (recognizing a district court's inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases." (citations omitted)).

### B. Ownership Counterclaims

Hybrid argues for dismissal of Defendants' Ownership Counterclaims, which seek a declaratory judgment of non-infringement concerning U.S. Trademark Registration No. 4,480,850 ("#850 Mark") and the #185 Mark due to the alleged misidentification of the actual owner of the applied-for marks. Hybrid contends that Defendants fail to plead facts supporting the contention that Mr. Orlando was not the proper owner of the relevant marks at the time of application. Hybrid Mem. at 12.

According to Hybrid, "unity of controls" exists because Hybrid and Mr. Orlando, as the founder and sole owner of Hybrid, "constitute a single source of the services offered under" the relevant marks. *Id.* Hybrid argues that either Mr. Orlando or Hybrid may apply for trademark registration because "where an individual is the sole owner of a company, any use of a trademark by the company inures to the benefit of the individual, and *vice versa*." *Id.* at 12-13 (collecting cases). As a result, because there is no allegation that Mr. Orlando is not the sole owner of Hybrid, Hybrid emphasizes that Defendants' Ownership Counterclaims fail to state a claim that

10

Hybrid's trademarks are void. *Id.* at 13-14. Hybrid submits that "there was and is unity of control over Hybrid's trademarks, [so] it was legally proper for [Mr.] Orlando to file applications to register the two marks at issue in the Ownership Counterclaims." *Id.* at 14.

In response, Defendants argue that at the pleading stage, they need not overcome the trademark registrations' presumption of validity; they only need to plead sufficient facts to state a claim, which they contend they have done. Defs.' Opp. at 10-11. Defendants contend that their allegations, which are based on information and belief, are adequate under *Twombly* because the information here is in the hands of the opposing party. *Id.* at 11.

Defendants submit they have sufficiently pled the Ownership Counterclaims by alleging that (1) Mr. Orlando identified himself as the applicant/owner in the application, *id.* (citing Hylete Answer ¶¶ 36, 43); (2) between August 1, 2008, and July 2, 2013 (the date of the application), Mr. Orlando was not the owner of the marks at issue because Hybrid owned the marks, *id.* (citing Hylete Answer ¶¶ 39, 46); and (3) Mr. Orlando allegedly "attempted to obscure the misrepresentations in his applications through surreptitious assignments post-factum," *id.* (citing Hylete Answer ¶¶ 40-41, 47). Defendants contend that at this stage, these allegations are sufficient and put Hybrid on fair notice. *Id.* Additionally, Defendants argue that "[t]he mere fact that an individual is the controlling shareholder does not, by itself, establish ownership of a mark which the corporation has used." *Id.* at 12. According to Defendants, Hybrid's arguments only raise questions of fact that cannot be resolved on a motion to dismiss, so Defendants argue they should be given "a reasonable opportunity to present all the material that is pertinent." *Id.* at 13 (citing Fed. R. Civ. P. 12(d)).

In reply, Hybrid emphasizes that Mr. Orlando is the sole owner of Hybrid, so unity of control over the trademarks cannot be contested. Hybrid Reply at 10. Hybrid argues that the

Court does not need a more fully developed factual record because it has previously identified this issue as a matter of law. *Id.*

The Court agrees that this issue is a matter of law, which means that it could be decided on a motion to dismiss. But, in this case, it is better resolved at a later stage of the litigation.

This Court previously noted, when considering whether to grant Hylete leave to add Counterclaim 8, that these counterclaims appear to largely pose a question of law: "whether Mr. Orlando, as Hybrid's sole owner, was permitted to register these marks in his name, or whether Hybrid was required to register them directly." Ruling and Order on Mot. to Dismiss and Mot. to Amend Answer, ECF No. 209 at 25. The Court then refused to determine whether Hylete's Counterclaim 8 could survive a motion to dismiss on the then-limited record. *Id.*

Now, the Court finds that this issue cannot be decided on a motion to dismiss.

The Supreme Court in *Twombly* did "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570; *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) ("[W]e reject [Defendant]'s contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."). Here, at the pleading stage, Defendants' counterclaim allegations are "enough to make the claim 'plausible.'" *Arista Records,* 604 F.3d at 120 (citing *Twombly*, 550 U.S. at 555); *see also York*, 286 F.3d at 125 ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

This Court has already determined that the only issue remaining for these Ownership Counterclaims is a question of law, which it cannot properly decide now.

Accordingly, the Court denies Hybrid's motion to dismiss the Ownership Counterclaims at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**.

By **December 6, 2019**, Mr. Wilson and Mr. Paulson must file an Amended Answer and affirmative defenses, including an amended Counterclaim 5 and without the filed Counterclaim 6, and Hybrid must re-file a responsive pleading or otherwise respond to this filing by **December 13, 2019**.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of November, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE